Matthias, J.
 

 Relators seek to have this court issue a writ of prohibition to prevent the court of common pleas from granting a writ of injunction.
 

 
 *97
 
 The office of the writ of prohibition is clearly stated by the text-writers on the subject, and has been announced by this court in numerous cases. The writ of prohibition is a specific remedy of an extraordinary character, and issues because of the absence or inadequacy of ordinary remedies. Its proper scope and purpose is to keep inferior courts and tribunals within the limits of their own jurisdiction, and prevent their encroachment upon the jurisdiction of other tribunals.
 

 The question presented, therefore, in every instance where the issuance of a writ of prohibition is prayed, is whether it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction. It is never an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate. This is but a concise restatement of the rule heretofore applied by this court in similar actions, among which may be cited
 
 State, ex rel. Nolan,
 
 v.
 
 Clen Dening,
 
 93 Ohio St., 264, 112 N. E., 1029;
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683, and
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 114 N. E., 255.
 

 Concededly, the court of common pleas has jurisdiction of the subject-matter of the action in injunction now pending in that court. The court of common pleas is fully authorized to determine whether the facts are such as to authorize the issuance of an injunction and the application of the ease of
 
 Darst
 
 v.
 
 Phillips,
 
 41 Ohio St., 514. If a
 
 *98
 
 party thereto is aggrieved by the judgment entered by that court, and believes the same to be erroneous, he has a full and adequate remedy in error, and is therefore not entitled to the extraordinary writ of prohibition.
 

 Writ denied.
 

 Jones, Day, Allen, Kinkade and Robinson, JJ., concur.