OHIO SAVINGS & TRUST CO. *v.* SCHNEIDER ET AL.

*Mechanics' liens—Failure to file copy of lien with county recorder—Section 8326, General Code—Right of priority lost to assignee of city sewer contractor—Rental of road roller not subject to mechanic's lien—Section 8324, General Code—Statutory construction—Presumption that lawmakers placed in statute all that was intended—Courts to give effect to intent of legislature—Unambiguous words and phrases furnish own interpretation.*

1. Laborers and materialmen, performing work and furnishing material in construction of sewer system for city, seeking favor under mechanic's lien law, who do not file copy of liens with county recorder, as provided in Section 8326, General Code, lose right of priority over assignee from contractor of amount due under contract with city.

2. Rental of road roller used in construction of road for county is not subject of mechanic's lien under Section 8324, General Code, authorizing liens for furnishing of machinery.

3. Courts cannot read into statute that which does not appear therein; it being presumed that lawmakers placed in statute all that was intended.

4. Courts are under duty in interpretation and construction of statutes to give effect to intent of Legislature.

5. If words and sentences used in statute are free from ambiguity, and express clear purpose and intent of Legislature there is no occasion to resort to other means of interpretation.

(Decided February 24, 1927.)

APPEAL: Court of Appeals for Tuscarawas county.

*Messrs. Wilkin, Fernsell & Fisher,* for plaintiff.
*Mr. Louis Welty, Messrs. Bennett, Westfall & Bennett,* and *Mr. William Simpson,* for defendants.

HOUCK, J.   This cause is in this court on appeal from the common pleas court of Tuscarawas county.

The questions · presented for determination by the court arise out of two contracts with the defendant Herman C. Schneider; one of the contracts being with the city of New Philadelphia, Ohio, for the installing of a sewer system in said city, and the other with the county commissioners of Tuscarawas county, Ohio, for the construction of a certain road in the county.   Soon after work was begun by Schneider on the contracts he borrowed money from the plaintiff, the Ohio Savings & Trust Company, and to secure same executed and delivered to plaintiff an assignment of the amount due and to become due on said contracts, which assignments and transfers were duly filed with the county and city officials.

The controversy here is between plaintiff and certain defendants who claim a priority in said fund over the plaintiff by reason of being laborers, materialmen, etc., under favor of the mechanic's lien law of Ohio.

We have carefully read the testimony and statements.   The written briefs have been given our careful and laborious attention.

The city contract:   The facts as well as the authorities and statutes relied upon are so familiar to counsel that we feel an extensive or lengthy discussion of them unnecessary.   Hence we will simply announce our conclusion:

First.   As to the city contract, we find and hold that all of the defendants, seeking favor under the mechanic's lien law, who did not file a copy of such lien with the county recorder, as provided in Section 8326, General Code, thereby lose their right

of priority over the plaintiff. Therefore, under the facts and the requirements of the mechanic's lien law, all such claims are inferior to, and subordinate to, the rights of plaintiff in the premises.

Second. As to the county contract, the dispute is between the plaintiff and the defendant, the Canton Sand & Gravel Company.

It is conceded that the Sand & Gravel company has properly filed and perfected its lien, and it is valid, if the subject-matter of its claimed lien is within the scope of the mechanic's lien law.

The basis of the lien in question is: Rental for a road roller which was used in the construction of the road by Schneider under his contract with the county.

Counsel for the Sand & Gravel Company, in his brief, says:

"The statute (Section 8324, General Code) is not the general statute authorizing mechanics' liens, but is a particular item of legislation authorizing specifically liens on, amongst other things, public road improvements, and by plain, clear language it gives a lien for machinery as well as for labor or material. No distinction is made by it between machinery, labor or material, and as the entire matter of such liens is statutory, we contend that the lien of the Canton Sand & Gravel Company is a valid one.

"If it be asserted that the term 'machinery' is intended to and does include only machinery built into, or which becomes a part of the improvement, then, again, we refer to the statute and to the well-known fact that 'machinery' is not built into and does not become a part of a road improvement. A steam shovel let to subcontractors is not for 'labor

or material.' We do not claim for labor or material, but do claim as a subcontractor furnishing machinery and in that connection desire to direct the attention of the court to the case of *Cincinnati Quarries Co.* v. *William F. Hess*, 26 N. P., (N. S.), 1, which is a case directly in point, for a similar service under the particular sections of the Code now before the court, and which holds that compliance with Sections 8324-8831, General Code, does give a lien.''

It is conceded that rental for a road roller is not, and cannot, be considered as and for labor done or material furnished; but it is asserted that it falls within, and is embraced in, the term ''machinery,'' or the ''furnishing of machinery,'' as provided in Section 8324, General Code.

We have read the opinion of Judge Ryan cited and relied upon by counsel for the Sand & Gravel Company, and we cannot agree with his reasoning or with his conclusion announced.

A careful reading of the governing statute, just referred to, enumerates and sets forth the particular items or things upon which a mechanic's lien may be predicated; and rental of machinery, or anything of that nature or kind, does not appear, and is not contained therein. It occurs to us that, if the Legislature had intended that such rental as is here sought was to be made the subject of a lien, it would have so stated in the law. Courts must not read into a statute that which does not appear therein. It is presumed that the lawmakers placed in the statute all that was intended. If not, the remedy is lodged in the Legislature to change by amendment or otherwise. It is not within the province of our courts to change or modify.

It is the duty of courts in their interpretation and construction of statutes to give effect to the intent of the lawmaking power, and to seek for that intent in every legitimate way. If the words and sentences used are free from ambiguity and doubt, and express the clear purpose and intent of the framers of the law, there is no occasion to resort to other means of interpretation.

The section of our General Code under review furnishes the best means of its own exposition.

The words and sentences are clear, plain, definite, and certain, and no ambiguity or uncertainty seems to exist.

We are clearly convinced that the language used in the statute is not broad enough to include and make subject to mechanic's lien the rental of a road roller. Further, there is no expressed intention, on the part of the Legislature, to do so in said enactment.

Our Supreme Court has passed upon the identical question here raised; and we find, in our reasoning and discussion of same, we are but in accord with that court. We refer to the case of *Royal Indemnity Co.* v. *Day & Maddock Co.*, 114 Ohio St., pages 71 and 72, 150 N. E., 430 (44 A. L. R., 374), where Judge James E. Robinson, the writer of the opinion, says:

"We see no distinction between the status of one who leases an appliance to a contractor to facilitate the performance of his contract and one who sells an appliance to the same contractor for the same purpose. The ownership of the contractor in the appliance in the one case differs from the ownership of the contractor in the other only in degree. The reason for the preferment of the

materialman, whose material has been incorporated in a public building and placed beyond any possibility of recovery, or repossession, does not apply to the manufacturer or dealer who supplies an appliance which never loses its identity, and never becomes an integral part of the public building."

3 Words and Phrases, Second Series, p. 326, reads:

"There is wide distinction between 'material' and 'appliance.' The term 'appliance' refers to machinery and all the instruments used in operating it."

Relying on the facts and the statutory provisions involved, and applying thereto the rules of construction and law as herein laid down, we are of the unanimous opinion that rental for a road roller does not come within the statutory enactment pertaining to mechanic's liens, and therefore is not the subject of such lien.

*Judgment and decree for plaintiff.*

SHIELDS and LEMERT, JJ., concur.