### STATE ex MAHLER v. BUSE

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3215.   Decided Apr. 30, 1928

Syllabus by Editorial Staff.

**ACTIONS**

(10 P2) Use of writ of prohibition limited to usurpation of jurisdiction over subject-matter of action. Where only reason for issuing of writ is that there is attempt to exercise jurisdiction over person, through service of summons served outside territorial limits, writ will not lie.

In Prohibition.
Writ denied.

Pogue, Hoffheimer & Pogue, and Harry R. Weber, Cincinnati, for State.

Chas. P. Taft, Pros. Atty., and Augustus Beall, Asst. Pros. Atty., for Buse.

STATEMENT OF FACTS

This is an original action in prohibition, in which the relator seeks to prohibit the respondent as a justice of the peace of Millcreek township, Hamilton County, Ohio, from hearing and adjudicating a certain action brought before that court by one C. A. Price against the relator.

It is alleged that the relator, defendant in the case in which the justice of the peace seeks to exercise jurisdiction, was domiciled in the Ciy of Cincinnati; that he was served with summons in the City of Cincinnati; that Millcreek township is wholly outside the corporate limits of the City, and that the defendant, the justice of the peace, is without jurisdiction over the relator, for the reason that service of summons was made within the corporate limits of the City of Cincinnati.

PER CURIAM

The first question for consideration is whether or not a writ of prohibition is the proper remedy.

The use of a writ of prohibition has been frequently defined by courts and text writers. All are in accord in defining it as an extraordinary judicial writ, which may be issued out of a court of superior jurisdiction, for the purpose of preventing an inferior court or tribunal

from usurping a jurisdiction with which it is not legally vested.

The question presented in every instance where the issuance of a writ of prohibition is sought, is whether it clearly appears that the tribunal, whose action it is sought to prohibit, has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction.

The rule taken from the cases and from the text books limits the use of the writ to the usurpation of jurisdiction over the subject-matter of the action.

There is no allegation here that the justice of the peace is attempting to usurp powers concerning the subject-matter of the action.

The only reason alleged and stressed for the issuing of the writ is that there is an attempt to exercise jurisdiction over the person, through the service of summons, served outside his territorial limits.

The relator has the remedy of motion to quash the service.

She could ignore the action, and if not before the court through proper service, the judgment would be void.

We are therefore of the opinion that, under the following Ohio decisions, State ex rel v. Brough, 94 Ohio St. 115; Kelley, Judge, v. State ex rel, 94 Ohio St. 331; State ex rel v. Allen, 96 Ohio St. 115; and State ex rel v. Justice, 114 Ohio St. 94, the relator is not entitled to the extraordinary writ of prohibition.

The writ will be denied.

(Hamilton, P.J., Mills, and Cushing, JJ., concur.)