Weygandt, C. J.
 

 The single question here presented is whether the allegations of plaintiff’s petition state properly pleaded facts sufficient to constitute a cause of action for invoking the writ of prohibition.
 

 It is necessary to keep in mind the exact nature of this remedy. Although it is a common-law writ of high antiquity prohibition came into Ohio jurisprudence through the constitutional amendments of 1912. As frequently stated by the text-writers its principal purpose is to prevent an inferior court or other tribunal from assuming a jurisdiction with which it is not legally vested. On page 5 of 22 Ruling Case Law appears the following general statement: “Like all other prerogative writs, prohibition is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be used only in cases of extreme necessity.” In the case of
 
 State, ex rel. Nolan,
 
 v.
 
 Clen-Dewing,
 
 93 Ohio St., 264, 112 N. E., 1029, this court held that “The writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy.” Again in the case of
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430, the following language was used by this court: ‘ ‘ The function of a writ of prohibition is to restrain inferior courts and tribunals from exercising jurisdiction beyond that legally conferred, and it will be awarded only when there is no other available adequate remedy.” And finally in the recent case of
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, ante,
 
 287,
 
 *341
 
 this court held that a writ of prohibition is not available as a substitute for error proceedings.
 

 When the foregoing restated principles are applied to the allegations in the instant case this court is of the opinion that thé petition was properly dismissed by the Court of Appeals. Every question with reference to the alleged irregularities can be seasonably and efficiently raised in error proceedings. Clearly, if any court has the power to proceed under these indictments it is the Court of Common Pleas of Williams county alone. The single fact that the action of that court might involve prejudicial irregularities is not a sufficient basis for abandoning the usual proceedings in error and resorting to the extraordinary prerogative writ of prohibition.
 

 It is contended by plaintiff in error that the views of this court as enunciated in the case of
 
 State, ex rel. Thomas, Pros. Atty.,
 
 v.
 
 Gessner,
 
 123 Ohio St., 474, 175 N. E., 865, are decisive of the question presented in the instant case. That this position is untenable is indicated by the distinction in controlling facts. In that case no notice had been given the regularly elected prosecuting attorney before the appointment was made; in this case the petition alleges that Stahl made no request for the appointment, but there is no allegation of lack of notice. Furthermore, in that case it was the prosecutor himself who was under investigation; but in this case the petition alleges no such situation.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.