This cause came on to be heard upon the petition of the relators for a writ of prohibition and the demurrer thereto and was argued by counsel.
 

 Relators pray that the Court of Common Pleas be prohibited from proceeding with the hearing and de
 
 *567
 
 termination of criminal prosecutions, the petition alleging that relators object to the jurisdiction of the Common Pleas Court because: the grand jury failed to consider and return indictments during the term of court at which relators were bound to appear while most of them were confined in the county jail; the grand jury was not properly constituted; the grand jury discriminated against relators by indicting other persons, while most of the relators were confined in the county jail; the failure of the grand jury to indict relators at the term of court at which they were bound to' appear constituted an abatement of the offense charged; the grand jury at a subsequent term was without jurisdiction to inquire into the alleged offenses and render indictments thereon; and that the Court of Common Pleas is without jurisdiction to try these relators upon such indictments.
 

 On consideration whereof, it is ordered and adjudged by this court, that the demurrer be, and the same hereby is, sustained. The writ of prohibition does not lie where there is another regular, ordinary and adequate remedy, and prohibition is not an appropriate remedy for the correction of error and does not lie to prevent an erroneous decision in a case which a court is authorized to adjudicate..
 
 State, ex rel. Nolan,
 
 v.
 
 Clen Dening,
 
 93 Ohio St., 264;
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115;
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331;
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338.
 

 It is also ordered and adjudged that the relators be granted twenty days to plead further and if no amended petition be filed .within such time this action is ordered dismissed at the relators ’ costs.
 

 Decree accordbingly.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.