This cause came on to be heard, and was argued by counsel, on the demurrer to the petition in which the relator seeks to prevent the respondent from hearing and determining a proceeding by the Muskingum Watershed Conservancy District, to condemn relator’s property as a part of that conservancy district, upon the ground that the respondent is disqualified because of having participated as a member of the Conservancy Court which created the conservancy district, adopted the official plan of the conservancy district and an amendment of such plan, and approved a tentative agreement between the conservancy district and the United States government to obtain real estate titles, and upon the ground that the respondent as judge of the Common Pleas Court has no jurisdiction of the condemnation proceeding prior to the report of the board of appraisers of the conservancy district, finding that relator’s property is desired and the appraised value thereof, and the approval and confirmation by the Conservancy Court of the report of such board of appraisers.
 

 An adequate legal remedy is afforded relator by Section 1687, General Code, to determine the disqualification of the respondent to sit in the condemnation proceedings.
 

 A writ of prohibition will not be issued to prevent an anticipated erroneous judgment where an adequate remedy is available by proceedings in error
 
 (State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430), and such writ is not the substitute of a proceeding in error
 
 (Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420).
 

 It is therefore ordered and adjudged that the writ
 
 *463
 
 of prohibition prayed for be, and the same hereby is, denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.