By the Court.
 

 Issues were raised by a petition, answer and reply filed originally in this court. The following facts' are sufficient for a determination of the controversy:
 

 In an action in the Court of Common Pleas of Delaware county, on an amended petition for damages resulting from a motor vehicle collision, and the cross-petition with answer thereto, the jury returned a verdict for the defendant and in favor of the plaintiffs on defendant’s cross-petition, and also returned answers to two special interrogatories. That verdict was returned January 4, 1936, during the September term of court, which term of court closed the morning of January 6. Defendant did not file a motion for new trial until January 7, 1936, which was during the January term of that court. The trial court, on February 26, 1936, sustained plaintiffs’ motion to strike defendant’s motion for new trial from the files on the ground that it was not filed until after the close of the term at which the verdict was returned, overruled defendant’s motion for judgment on the special findings notwithstanding the verdict, and entered judgment in favor of defendant on the amended petition and answer, and in favor of the plaintiffs on the cross-petition of defendant and answer thereto. No. notice of appeal was filed within the 20-day limitation.
 

 
 *301
 
 On March 28, 1936, the defendant filed a motion to vacate the judgment entered in favor of plaintiffs on defendant’s cross-petition February 26, 1936, defendant assigning therein most of the statutory grounds for new trial. Reserving question of appearance, the plaintiffs filed a motion to strike from the files defendant’s'motion to vacate the judgment. This motion to strike was' overruled, and the court entered an order vacating its former judgment of February 26th on the cross-petition in favor of the plaintiffs, ordered vacated the verdict returned in favor of the plaintiffs on the cross-petition and answer thereto, and ordered the case reinstated for retrial before a jury to be impaneled.
 

 From "this last order an appeal was taken to the Court of Appeals, which affirmed the judgment, that court stating in its opinion the trial court did not abuse its discretion, but in vacating the judgment was acting according to the dictates of sound discretion. A motion to certify the record was later overruled by this court.
 

 The relators, who were plaintiffs in the negligence action in the Court of Common Pleas, seek prohibition commanding the respondent judge of the Common Pleas Court to desist and refrain from reassigning the case for retrial, 'reimpaneling a jury or proceeding with the retrial, and for a writ of mandamus to show cause why a final judgment should not be issued for the relators on the verdict returned in their favor on the cross-petition and answer thereto.
 

 The answer pleaded that all allegations and errors assigned in the petition had. been decided.
 

 Prohibition will lie neither as a substitute for appeal
 
 (State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683, and
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420), nor to collaterally attack a judgment rendered by a trial eourt which judgment has been
 
 *302
 
 affirmed by the Court of Appeals
 
 (State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Probate Judge,
 
 96 Ohio St., 10, 117 N. E., 13), nor will the writ lie where the relator has another adequate remedy at law
 
 (State, ex rel. Carmody, v
 
 .
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430;
 
 State, ex rel. Burtzlaff,
 
 v.
 
 Vickery et al., Judges,
 
 121 Ohio St., 49, 166 N. E., 94).
 

 Mandamus will not lie to control the judgment or discretion of a court in rendering’ a decision
 
 (State, ex rel. Sherwood,
 
 v.
 
 Hoffman, Judge,
 
 95 Ohio St., 144, 117 N. E., 10).
 

 Writs denied.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.