By the Court.
 

 This cause was submitted on a demurrer to the petition of relator, a self-insuring employer under the Workmen’s Compensation Law (Section 1465-69, General Code), for a writ of prohibition to prevent the respondent Court of Common Pleas from hearing an appeal from the Industrial Commis
 
 *25
 
 sion, submitting the same to the jury, or in any manner trying the cause.
 

 Recital of all the detailed allegations of the petition is not necessary to a decision on the demurrer.
 

 The petition pleads that an employee of the relator was injured in the course of his employment on July 23, 1927; an application for adjustment was filed with the Industrial Commission. which, on July 10, 1928, made an order for payment for temporary total and temporary partial disability and, on November 1,1929, ordered compensation paid for permanent partial disability for loss of function of right arm, with credit for compensation paid for partial disability; on February 3,1930, the relator filed a final report of accident and payment, which was signed by the employee; on February 4,1932, the employee filed an application for modification of award, setting forth total disability from trauma-arthritis in both elbows due to the accident of July 23,1927, which application and an application for rehearing were dismissed by the commission; a later application for modification was dismissed, the commission finding that proof on file did not show the employee’s disability was the result of an injury arising out of and in the course of his employment; and, application for rehearing- having been filed, the commission on April 14, 1937, ordered the claim disallowed on rehearing. Thereafter an appeal was prosecuted by the employee to the Court of Common Pleas.
 

 The writ of prohibition will not lie where the relator has an adequate remedy at law.
 
 State, ex rel. Brickell,
 
 v.
 
 Roach, Recr., 122
 
 Ohio St., 117, 170 N. E., 866;
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029. The Court of Common Pleas is competent to determine its own jurisdiction, and a writ of prohibition will not issue to prevent an anticipated erroneous judgment.
 
 State, ex rel. Barbee, Exr.,
 
 v.
 
 Allen, Probate Judge,
 
 96 Ohio St., 10, 117 N. E., 13;
 
 *26
 

 State, ex rel. Garmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430. The writ of prohibition is not available as a substitute for a proceeding on appeal.
 
 Sillimcm
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420;
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 2 N. E. (2d), 595.
 

 The demurrer to the petition in prohibition will be sustained and writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Myers and Gorman, JJ., concur.
 

 Matthias and Williams, JJ., not participating.