By the Court.
 

 In
 
 Commercial Bank & Savings Co.
 
 v.
 
 Woodville Savings Bank Co.,
 
 126 Ohio St., 587, 186 N. E., 444, this court held that “the jurisdiction of the Superintendent of Banks, over the property of a state bank, is exclusive, except in so far as it is limited by Section 710-101, General Code.” While that is true, so far as the custodianship of the property is concerned, this court has never held that the acts of the superintendent in administering the property are not subject to review by the courts. Under the specific provisions of Section 710-95, General Code, the Court of Common Pleas is given jurisdiction in a suit in equity if the superintendent “has exceeded or abused such powers and discretion.”
 

 In this controversy, Spira is a stockholder in The Ohio State Bank of Cleveland, and it is claimed by the Superintendent of Banks that that institution is indebted to the Guardian Trust Company of Cleveland.
 

 From the allegations of the petition filed in this court we find Spira is attempting to resist and defend against the claim which the superintendent is presenting upon behalf of The Guardian Trust Company against himself as custodian of The Ohio State Bank.
 

 In order to determine the justice of the claim, Spira sought an examination of the books of The Guardian Trust Company which had acted as liquidating agent for The Ohio State Bank. This request was refused. If stockholders of The Ohio State Bank do not have
 
 *281
 
 the right to inquire into the validity of this claim, no one but the superintendent has such a right.
 

 In view of the fact that the superintendent was in charge of both banks and an inspection of the books was refused, we are of the opinion that such facts would show a
 
 prima facie
 
 case of abuse of discretion on the part of the superintendent. The right to demand an inspection of books by a stockholder has been enforced in this state by an injunction
 
 (Cincinnati Volksblatt Co.
 
 v.
 
 Hoffmeister,
 
 62 Ohio St., 189, 56 N. E., 1033, 48 L. R. A., 732, 78 Am. St. Rep., 707;
 
 American Mortgage Co.
 
 v.
 
 Rosenbaum,
 
 114 Ohio St., 231, 151 N. E., 122, 59 A. L. R., 1368; 10 Ohio Jurisprudence, 394, 395, Sectiop. 280) and Section 710-95, General Code, specifically authorizes actions in equity where there has been an abuse of discretion by the superintendent.
 

 Since the Court of Common Pleas has jurisdiction of the action, it is not proper in this proceeding to determine whether the scope of the temporary injunction was greater than the facts warranted. The writ of prohibition is not available as a substitute for a proceeding on appeal
 
 (Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420;
 
 Jones
 
 v.
 
 Court of Appeals of Seventh District, ante,
 
 116) or to anticipate an erroneous decree by the Court of Common Pleas in deciding the injunction proceeding on its merits.
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430.
 

 The demurrer to the petition is therefore sustained.
 

 Demurrer sustained.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.