Bv the Court.
 

 The writ of prohibition will not lie when the relator has another adequate remedy.
 
 State, ex rel. Brickell,
 
 v.
 
 Roach, Recr.,
 
 122 Ohio St., 117, 170 N. E., 866;
 
 State, ex rel. Nolan,
 
 v.
 
 ClenDening,
 
 93 Ohio St., 264, 112 N. E., 1029.
 

 The writ of prohibition is not available as a substitute for a proceeding on appeal.
 
 Silliman
 
 v.
 
 Court of Common Pleas,
 
 126 Ohio St., 338, 185 N. E., 420;
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 2 N. E. (2d), 595;
 
 State, ex rel. Nicklaus,
 
 v.
 
 McClelland, Judge,
 
 132 Ohio St., 447, 8 N. E. (2d), 565;
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, Judge,
 
 126 Ohio St., 287, 185 N. E., 193.
 

 The Court of Common Pleas is competent to determine its own jurisdiction and a writ of prohibition will not issue to prevent an anticipated erroneous judgment.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Holt, Judge,
 
 134 Ohio St., 25, 15 N. E. (2d), 543;
 
 State, ex rel. American Rolling Mill Co.,
 
 v.
 
 Court of Common Pleas,
 
 133 Ohio St., 24, 10 N. E. (2d), 633;
 
 State, ex rel. B. F. Goodrich Co.,
 
 v.
 
 Wanamaker et al., Judges,
 
 128 Ohio St., 421, 191 N. E., 763;
 
 State, ex rel.
 
 
 *29
 

 Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430.
 

 Furthermore it should be noted that the difficulty here involved is largely an administrative one that could have been avoided if the judges of the Court of Common Pleas of Montgomery county had availed themselves' of the salutary provisions of Section 1558, G-eneral Code, relating to the designation of one of their number as chief justice to superintend, classify and distribute the business of the court.
 

 The question whether rule 26 limits the power of the judges of the Court of Common Pleas of Montgomery county, the question of the right to trial by jury or whether the cause is' one in equity, and all other questions raised by relators-appellants, can be reviewed upon appeal to the Court of Appeals, and therefore that court was not in error in denying the writ of prohibition.
 

 Judgment affirmed.
 

 Wbygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.