The Industrial Commission is empowered in the first instance to determine whether an application for compensation has been made by a claimant.
It is well established by this court that the extraordinary writ of prohibition may not be employed as a convenient short cut to the final determination of the rights of litigants in place of the available ordinary, adequate remedies or to prevent an anticipated erroneous *Page 243 
judgment. 32 Ohio Jurisprudence, 572, 586, Sections 9 and 24;State, ex rel. Norris, v. Hodapp, Judge, 135 Ohio St. 26,18 N.E.2d 984, and cases cited therein.
Should the Industrial Commission find that an application for compensation was made within two years after the injury as required by Section 1465-72a, General Code, and award compensation, an adequate remedy at law is provided under Section 1465-74, General Code, whereby the relator, when sued for the compensation so fixed, may contest all jurisdictional facts necessary to be determined by the commission before making an award. Pittsburg Coal Co. v. Industrial Commission,108 Ohio St. 185, 140 N.E. 684.
The demurrer to the petition is sustained and a writ of prohibition denied.
Writ denied.
WEYGANDT, C.J., ZIMMERMAN, WILLIAMS, MYERS, MATTHIAS and HART, JJ., concur.
DAY, J., not participating.