*453
 
 Zimmerman, J.
 

 Relator contends that the Court of Common Pleas can. acquire jurisdiction of a proceeding in disbarment only if and when the preliminary steps prescribed by statute have been taken, and since the allegations of the petition clearly set out that such steps were not pursued, the demurrer should have been overruled.
 

 Under the provisions of Section 1707, General Code, express jurisdiction is conferred on the Court of Common Pleas to suspend or remove an attorney at law from office, or to take other disciplinary measures of less severity, for specified causes.
 

 It is noteworthy that the relator’s petition does not allege that the proceeding was not caused to be instituted by a qualified judge; neither does the petition suggest that relator was not served with a certified copy of the charges against him; nor that he was not accorded a reasonable time to collect testimony for his defense; nor that he was denied the right to be heard. Sections 1707 and 1708, General Code.
 

 This court is committed to the proposition that the extraordinary writ of prohibition is a high prerogative writ and is to be used only when there is no regular, ordinary and adequate remedy. It may not be invoked if the remedy of appeal is available.
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420;
 
 State, ex rel. Ellis,
 
 v.
 
 McCabe et al., Judges,
 
 138 Ohio St., 417, 35 N. E. (2d), 571.
 

 Equally well established is the principle that in a situation where general jurisdiction of the subject matter of an action has been conferred upon the Court of Common Pleas by statute, a writ of prohibition will not issue denying that court the right to determine its own jurisdiction.
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335.
 

 
 *454
 
 Furthermore, it is universally recognized that where a court has jurisdiction, prohibition will not lie to prevent or correct errors, irregularities or mistakes occurring in such court.
 
 Kelley, Judge,
 
 v.
 
 State, ex rel. Gellner,
 
 94 Ohio St., 331, 340, 114 N. E., 255, 257; 42 American Jurisprudence, 165, Section 30; 50 Corpus Juris, “Prohibition,” 676, Section 43.
 

 These rules of law are applicable to the present case. Relator is at liberty to challenge the jurisdiction of the Court of Common Pleas in that court upon the very grounds alleged in the petition filed in the Court of Appeals and, if the court first designated should decide against him, the right of appeal exists and may be exercised.
 

 The Court of Appeals having correctly determined this matter, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Habt, Bell, Williams and Turner, JJ., concur.