By the Court.
 

 Paragraph “g” of Section 1345-1, General Code, reads:
 

 “ ‘Interested party,’ with respect to any claim for benefits under Sections 1345-1
 
 et seq.,
 
 and 1346-1
 
 et seq.,
 
 of the General Code, means the claimant, his most recent employer and any employer in such claimant’s base period.”
 

 Section 1346-4, General Code, provides for the filing of claims for benefits and the determination of the validity of such claims, the weekly benefits payable and the maximum amount thereof. There is a requirement that, if a claim is allowed, all interested parties shall be promptly notified of the decision and the reasons therefor.
 

 Paragraph 2 of that section relates to appeal, to the board of review from a redetermination and provides that “the payment of benefits shall be withheld pending decision on the appeal, but when the board affirms a decision of the referee allowing benefits, such benefits shall be paid, notwithstanding any further appeal which may thereafter be taken, but if such a decision is finally reversed, no employer’s account shall be charged with benefits so paid.”
 

 Section 1346-4, General Code, provides also for notice of appeal to the board, notification to persons who have been notified of the decision, notice by the board to the administrator, a reasonable opportunity for a fair hearing before a referee, notice to the parties of
 
 *391
 
 the decision of the referee and the reasons therefor, and a further appeal,
 
 sua sponte
 
 or on application, before the board and a reasonable opportunity for a fair hearing, with notification to parties of the final decision of the board and the reasons therefor.
 

 Paragraph 8 of Section 1346-4, General Code, provides in part:
 

 “Any interested party as defined in this act may, within thirty days after notice of the decision of the board was mailed to the last known post office address of the parties, appeal from the decision of the board of review, or of a referee where an appeal has been disallowed by the board, to the Court of Common Pleas of the county wherein the appellant, if an employee, is. resident or was last employed or of the county wherein appellant, if an employer, is resident or has his principal place of business in Ohio. Such appeal shall be taken by the filing by appellant of a notice of appeal with the clerk of such, court and with the board of review. * * * If the Common Pleas Court shall find that the decision was unlawful, unreasonable, or against the manifest weight of the evidence it shall reverse and vacate the same or it may modify the same and enter final judgment in accordance with such modification ; otherwise such court shall affirm such decision. Any party shall have the right to appeal from the Court of Common Pleas as in ordinary civil cases. ’ ’
 

 Section 1345-4 (c) (4) (F), General Code (Senate Bill No. 348 [121 .Ohio Laws, —]), provides for giving-notice to each employer of his contribution rate, for filing an application by the employer for review and redetermination, for notice to the employer of the denial of an application or of the administrator’s re-determination, and for an appeal to the Common Pleas Court of Franklin county.
 

 
 *392
 
 The foregoing summary of the provisions of Sections 1346-4 and 1345-4 (c) (4) (F), G-eneral Code, is sufficient to demonstrate that relator in the present proceeding is afforded an adequate remedy in the ordinary course of the law.
 

 The extraordinary writ of prohibition will not be issued where there is an adequate remedy at law and the writ cannot be made available as a substitute for appeal.
 
 Iden
 
 v.
 
 Atkinson, Admr. of Bureau of Unemployment Compensation,
 
 138 Ohio St., 175, 34 N. E. (2d), 209;
 
 Silliman
 
 v.
 
 Court of Common Pleas,
 
 126 Ohio St., 338, 185 N. E., 420; 32 Ohio Jurisprudence, 572, 574, 586, Sections 10, 12, 24.
 

 The demurrer to the petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.