Hart, J.
 

 The relatrix claims that the jurisdiction of the Cuyahoga county Common Pleas Court was properly invoked by her in her action for divorce before the jurisdiction of the Lake county Common Pleas Court was invoked by Mr. Miller through the filing of his cross-petition for divorce, and that consequently the Lake county court was without jurisdiction to hear and decide the divorce action between them.
 

 The Lake county action was commenced by Mrs. Miller on June 2, 1948. On July 2, 1948, Mr. Miller filed his answer and cross-petition in the Lake county action and secured personal service thereon on Mrs. Miller on August 19, 1948. On July 8, 1948, Mrs. Miller dismissed her
 
 petition
 
 in the Lake county action, but she did not attempt otherwise to dismiss the
 
 action
 
 nor did she have vacated the order of injunction against Mr. Miller and the several defendant banks. In fact, that order continued in force until it was vacated on motion of Mr. Miller on October 26, 1948.
 

 On October 2, 1948, Mrs. Miller filed a motion in the Lake county court to dismiss the cross-petition of Mr. Miller or to stay the action in that court, and on November 23, 1948, the Lake county court made an order as follows:
 

 
 *400
 
 “This cause came on to be heard this 23rd day of November, 1948, upon the motion of Mildred Biddle Miller by her attorney, Homer H. Marshman, and without entering a general appearance or submitting to the jurisdiction of the co.urt herein, and for the sole purpose of contesting the jurisdiction of this court •over the subject matter of this action, moves this ■court for an order dismissing the pleading of William H. Miller, entitled cross-petition, for the reason that there is a previous pending action between the same parties for the same relief in Cuyahoga county; that consequently this court has no jurisdiction over the subject matter of said pleading; and in the alternative, for an order of this court staying the hearing and trial of William H. Miller’s pleading, entitled cross-petition, until such time as the action between the parties in Cuyahoga- county is finally determined and William H. Miller has exhausted his remedies therein.
 

 “Upon due consideration of said motion and the able briefs of counsel, the court finds the same not well taken, and therefore overrules the said motion in both respects thereof. Exception noted for Mildred Biddle Miller.”
 

 It is well settled that the pendency of an action for the identical cause and between the same parties as in a subsequent action is ground for the dismissal of the latter. The law will not permit a defendant to be harassed by two actions or “to be vexed twice for the same cause.”
 

 • “It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to
 
 *401
 
 the exclusion of all other tribunals. This rule obtains in divorce actions.” 14 Ohio Jurisprudence, 410, Section 30. See, also, 11 Ohio Jurisprudence, 726, Section 81.
 

 This court is of the opinion that the relatrix has an adequate remedy at law to determine the question of jurisdiction. The relief she seeks is a matter of abatement and is a defense to the maintenance of Mr. Miller’s cross-petition in the Lake county action. Since there is nothing on the face of the original pleadings in the Lake county action showing another action pending in Cuyahoga county, and since, as a consequence, a demurrer to the cross-petition will not raise the question, the right to abatement of the Lake county action should be presented by answer to the cross-petition in that action, otherwise Mrs. Miller, in the position of defendant as to the cross-petition in the Lake county action, will be deemed to have waived the objection to that action. Section 11311, General Code. See 1 Ohio Jurisprudence, 19, Section 5;
 
 Weil
 
 v.
 
 Guerin,
 
 42 Ohio St., 299;
 
 State, ex rel. Nead, a Taxpayer,
 
 v.
 
 Nolte, Mayor,
 
 111 Ohio St., 486, 146 N. E., 51, 37 A. L. R., 1426. Such an answer should allege that at the commencement of the Lake county action there was and is pending another action for the same cause of action between the same parties in a designated court of competent jurisdiction in the state of Ohio.
 
 State, ex rel. Maxwell, Pros. Atty.,
 
 v.
 
 Schneider,
 
 103 Ohio St., 492, 134 N. E., 443. Such answer would then present the issue as to the jurisdiction of the Lake county court, which should be there heard on its merits.
 

 The Common Pleas Court of Lake county, being a court of general jurisdiction and having jurisdiction of the subject matter in a divorce action, has authority to pass upon and determine its own jurisdiction in the
 
 *402
 
 particular divorce action before it after considering; all the issues which may be made by such an answer.
 
 State, ex rel. Industrial Commission,
 
 v.
 
 Municipal Court of Columbus,
 
 137 Ohio St., 321, 29 N. E. (2d), 616;
 
 State, ex rel. Norris,
 
 v.
 
 Hodapp, Judge,
 
 135 Ohio St., 26, 18 N. E. (2d), 984. Mrs. Miller, in filing her motion in the Lake county case seeking the dismissal of that action, or as- an alternative a stay of the proceedings therein, necessarily admits the court’s jurisdiction to grant or refuse the relief sought. If the denial of her motion constitutes a final order, as to-which this court at this time expresses no opinion, then Mrs. Miller’s legal remedy would be an appeal.
 

 This court has held that ‘ ‘ where general jurisdiction of the subject matter of an action or proceeding has-been conferred upon the Court of Common Pleas by statute, a writ of prohibition will not issue denying that court the right to determine its own jurisdiction.”
 
 State, ex rel. Levy,
 
 v.
 
 Savord,
 
 143 Ohio St., 451, 55 N. E. (2d), 735. See, also,
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335.
 

 Since the Lake county Common Pleas Court has authority to determine its own jurisdiction and since the relatrix may have an appeal from any adverse finding-of that court as to its jurisdiction, she is not entitled-to the extraordinary writ of prohibition.
 

 In the case of
 
 State, ex rel. Levy,
 
 v.
 
 Savord, supra,
 
 this court held:
 

 “The extraordinary writ of prohibition is a high-prerogative writ and is to be used only where there is no regular, ordinary and adequate remedy; it may not be invoked.if the remedy of appeal is available.” See, also,
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430;
 
 State, ex rel. Knights Templar & Masonic Mutual Aid Assn.,
 
 v.
 
 Common
 
 
 *403
 

 Pleas Court of Meigs
 
 County, 124 Ohio St., 493, 499, 179 N. E., 415;
 
 Silliman v. Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420; State,
 
 ex rel.
 
 Ellis, v.
 
 McCabe et al., Judges,
 
 138 Ohio St., 417, 35 N. E. (2d), 571.
 

 The case of
 
 Miller
 
 v.
 
 Court of Common Pleas of Cuyahoga
 
 County, 143 Ohio St., 68, 54 N. E. (2d), 130, cited by relatrix, is distinguished from the instant case in that in that case there was no claim made that the alleged prior action in another court was not in fact prior, and no question as to character of remedy was raised.
 

 Here, the Common Pleas Court of Lake county has held that it has jurisdiction of this controversy, necessarily on the ground of priority in the commencement of the divorce action in that county. This court should not determine that that court has no jurisdiction and issue a writ of prohibition against it. Its action may be subject to review in regular course.
 

 The writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Matthias, Zimmerman, Stewart and Turner, JJ., concur.