By the Court.
 

 The relator maintains that the respondent is wholly without jurisdiction to re-examine and again determine those claims in which decisions have become final, whether they became final in the courts, in the Unemployment Compensation Board of Beview, by one of its referees by reason of appeals being taken from the administrator’s decisions, or by no appeals from the decisions of the bureau itself. The relator claims that by the express language of the act, the decisions therein have become final, and that the respondent has no power to alter them.
 

 The principal attack made against relator’s petition is that the relator has a complete and adequate remedy under the unemployment compensation law (Section 1345-1, General Code, through Section 1346-5, General Code), and, therefore, an action in prohibition does not lie.
 

 In the case of
 
 State, ex rel. Willys-Overland Co.,
 
 v.
 
 Clark et al., Indus. Comm.,
 
 112 Ohio St., 263, 147 N. E., 33, a claimant under the workmen’s compensation law, whose claim had been rejected and upon which rejection the adjudication had become final, sought a re
 
 *488
 
 hearing on the same claim. This court allowed a writ of prohibition to issue against the Industrial Commission on the ground that it had no jurisdiction to allow a claim once finally adjudicated adversely to the claimant.
 

 In the instant case, there is no allegation in the petition that the respondent proposes to reconsider claims which have had a final rejection, but the question raised by the demurrer is whether the respondent may give consideration to the legislative increase in rates and periods of payment as applied to claims allowed prior to August 22, 1949, but not fully paid on that date. Can it be said that the respondent has no jurisdiction to consider this problem in the light of all the provisions of the amended statute, and should this writ be allowed in view of the fact that a great number of claimants whose rights must ultimately be determined are not parties to this action?
 

 A situation somewhat similar to the present one was presented in the case of
 
 Willys-Overland Motors, Inc.,
 
 v.
 
 Jones, Admr.,
 
 146 Ohio St., 388, 66 N. E. (2d), 115, where the question was whether the Administrator of the Bureau of Unemployment Compensation in fixing rates for claims to be allowed should fix them in accordance with the law in force at the time the claimants became unemployed or the law in force at the later dates when the claims were filed. In that case, this court sustained a demurrer to the relator’s petition and denied a writ of prohibition on the ground that the relator had an adequate remedy in the ordinary course of law.
 

 Does the relator’s petition in the instant case make out a case calling for the issuance of the extraordinary writ of prohibition?
 

 In his brief relator says:
 

 “Relator limits the class of employers on behalf of whom he brings this proceeding in prohibition to those
 
 *489
 
 who are similarly situated and with respect to whom the question is one of common general interest. As previously stated, the relator has no former employees with a benefit year commencing prior to August 22, 1949. He therefore has no employees whose claims fall within the class which the administrator threatens' to redetermine. The allegations of the petition therefore limit him to representing those contributing employers who have no former employees with a benefit year commencing prior to August 22,1949. As to such employers, there can be no question that their interest is common and identical with the relator in suggesting this proceeding for prohibition.’’
 

 It would appear that the interest of the relator is solely in the possible increase of contribution rates to the general state fund. His merit rating cannot be affected because he has no employee-claimants whose unemployment compensation payments may be affected or changed by the legislative amendment m question. In the opinion of this court the statute has made ample provisions for hearings before the administrative branches of the bureau in fixing contribution rates and ample provisions for appeals therefrom. Considering all the allegations of the petition, this court is of the opinion that the relator has an adequate remedy at law, as a result of which the remedy of prohibition will not lie. We are of the opinion that the points decided in the case of
 
 Willys-Overland Motors, Inc.,
 
 v.
 
 Jones, Admr., supra,
 
 have application here. In that case, after summarizing the provisions of the Unemployment Compensation Act to demonstrate that the relator was afforded an adequate remedy in the ordinary course of the law, this court said:
 

 “The extraordinary writ of prohibition will not be issued where there is an adequate remedy at law and the writ cannot be made available as a substitute for appeal. ’ ’
 

 
 *490
 
 The demurrer to the petition is sustained and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Hart, Zimmerman and Turner, JJ., concur.
 

 Stewart and Taet, JJ., dissent.
 

 Matthias, J., not participating.