' Per Curiam.
The primary question which arises in the minds of the members of the court is whether mandamus is a proper or available remedy in a situation of the kind described.
Immediately suggesting itself is the proposition that *560 mandamus is an extraordinary legal remedy which may not be invoked if there exists an ordinary, adequate and available course of procedure. Moreover, mandamus is a writ the issuance of which rests within the sound discretion of the court.
With such observations as a background, this court is of the view that the principle announced in the case of Pittsburg Coal Co. v. Industrial Commission, 108 Ohio St., 185, 140 N. E., 684, and applied in later cases, should be followed here. In that case it was held that a self-insuring employer, against whom a compensation award had been made by the commission, might not resort directly to the Supreme Court in an attempt to escape payment, since he was accorded an adequate remedy by Section 1465-74, General Code (Section 4123.75, Revised Code), when sued for the collection of the award. In such a collection proceeding, the employer may raise all jurisdictional facts which the commission must first determine before making the award, including the defense that the death of the employee involved was not attributable to an injury received in the course of and arising out of his employment. See, also, Fassig v. State, ex rel. Turner, Atty. Geni., 95 Ohio St., 232, 116 N. E., 104, and State, ex rel. Wheeling Steel Corp., v. Industrial Commission, 136 Ohio St., 240, 243, 24 N. E. (2d), 1018, 1019.
If this court were to accept this case and decide it on its merits, numerous other cases of a similar nature would undoubtedly follow, decisions of which would frequently turn on the facts peculiar to the particular case.
The petition herein is dismissed and the writ denied.

Writ denied.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.