THE STATE, EX REL. ROULHAC, *v.* PROBATE COURT OF CUYAHOGA COUNTY ET AL.

(No. 69-697—Decided February 18, 1970.)

*Mr. John G. Pegg,* for relator.

*Messrs. Rippner, Schwartz, Carlin & Weiss,* for respondents.

*Per Curiam.* Relator contends that the action to determine heirship is *res judicata* and that the Probate Court has no jurisdiction to further consider the case or to rule on the motion to vacate and the motion for a new trial. The basis of relator's contention is that an appeal was filed and that the defendant-appellant should have prosecuted all her alleged errors in that appeal, including those

raised in the motion to vacate and in the motion for a new trial.

The questions raised by the relator's contentions are beyond the scope of the case at bar. The Probate Court has general jurisdiction of the subject matter. A writ of prohibition will not be issued denying that court the right to determine its own jurisdiction. See *State, ex rel. Levy,* v. *Savord* (1944), 143 Ohio St. 451, 55 N. E. 2d 735. An order by the Probate Court vacating a judgment and ordering a new trial is a final order which may be reviewed upon appeal. See *Price* v. *McCoy Sales & Service* (1965), 2 Ohio St. 2d 131, 207 N. E. 2d 236. Where the remedy of appeal is available, the extraordinary writ of prohibition may not be invoked as a substitute for appeal. *State, ex rel. Stefanick,* v. *Municipal Court of Marietta* (1970), 21 Ohio St. 2d 102; *State, ex rel. Levy,* v. *Savord, supra.*

For the reasons stated, the demurrer to the petition is sustained, and the writ of prohibition is denied.

*Writ denied.*

TAFT, C. J., O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.

MATTHIAS and CORRIGAN, JJ., not participating.