OPINION
This is an appeal from the Knox County Juvenile Court which in which such court dismissed the Amended Complaint of Appellant which alleged Bradley Michael Szerlip was an abused and dependent child.
Appellant, father of Bradley Szerlip filed a Complaint in the Knox County Juvenile Court as stated above alleging his son was an abused and neglected child.
Such complaint lacked the data required either in its allegations or in affidavit form as required by R.C. § 2151.27.
At the hearing on such Complaint, the court on its own motion orally and in its entry of December 9, 2000, joined the Knox County Department of Job and Family Services as a party to this cause.
Also at such hearing such Agency moved for dismissal of the Complaint for failure to file a Child Custody Affidavit.
The mother of such child and former spouse of appellant, Barbara Carol Szerlip, joined in such motion.
The court permitted time to file briefs relative to various matters, including jurisdiction, and reserved its ruling as to the joint Motion to Dismiss.
Subsequently, a Motion in Abatement was filed by the Agency.
On October 18, 2000, appellant filed an Amended Complaint purporting to cure the original Complaint by attaching a copy of alleged sworn testimony of the child in the Mt. Vernon Municipal Court action.
The court's decision dismissing the cause was filed on December 13, 2000. It is from this Order that this Appeal is taken.
Appellant raises as its sole Assignment of Error:
 I THE TRIAL COURT ERRED IN DISMISSING THE AMENDED COMPLAINT OF APPELLANT FILED WITH THE TRIAL COURT.
In the Order from which this appeal is taken (12/13/00), the Court concluded that it should not exercise jurisdiction in this case as the assertions of appellant were under consideration by the General Division of the Common Pleas Court. The entry quoted appellant to the effect that the same matters were pending in such division but that he was unhappy with the Judge assigned thereto.
The Court cited State ex rel. Miller v. Court of Common Pleas,151 Ohio St. 397 as to vexations litigation being a ground for dismissal.
Also, In Re: Poling 64 Ohio St.3d 211 was cited as a basis for concurrent jurisdiction.
The Court therefore sustained the Motion in Abatement of the Knox County Department of Job and Family Services (KCDSJSFS).
The Court also found that the complaint attempted to utilize statements of Bradley Szerlip in support thereof in contravention of R.C. §3109.04(B)(3) and struck such material, finding that without such attachment the complaint was insufficient under R.C. § 2151.27 and Rule 10(B)(1) of the Ohio Rules of Juvenile Procedure.
In support of appellant's sole Assignment of Error, several issues for review were provided with supporting arguments.
Revised Code § 3109.27 requires certain information to be contained within the first pleading or in affidavit form. It does not necessarily require an affidavit but does require these matters to be contained within the first pleading. The amended complaint obviously would not be the first pleading.
However, the basis of the Court's decision, except for properly striking the child's statements, was that admittedly these matters were pending before the General Division.
The contention that KCDJSFS was not a proper party due to lack of journalization of the Court's oral order from the bench is without merit. R.C. § 2151.27 (G) provides a sufficient basis. Also, the Court, prior to its decision, journalized this ruling in its initial entry of December 9, 2000. Also, the mother of such child joined in such Motion to Dismiss.
There is no doubt that the Juvenile Court under R.C. § 2151.23 (A) has original jurisdiction over a complaint alleging abuse, neglect or dependency as to a child. Under In Re: Poling, this jurisdiction is concurrent with, in this case, the General Division, due to the prior divorce and its continuing jurisdiction as to custody matters.
The question is not which Court has original jurisdiction but whether such Court is required to exercise that jurisdiction when the purpose is admittedly one of what is often termed "Judge shopping".
As appellant admitted the same issues were pending before the General Division, and the failure of the substance of the complaint, the Court had a sufficient basis to determine that a complaint of abuse, neglect or dependency was not alleged but that an attempt to transfer a custody hearing was being made. Under these circumstances, the Court correctly determined that the exercise of its jurisdiction was inappropriate.
The decision from which this appeal is taken is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Juvenile Court of Knox County, Ohio, is affirmed. Costs to Appellant.
Boggins, J.
Farmer, J. concur. Hoffman, P.J. concurs separately.