[Cite as *State ex rel. Caskey v. Gano*, 2011-Ohio-6144.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

STATE OF OHIO, EX REL., CHANTIL CASKEY

    *Relator*

v.

THE HONORABLE G. ALLEN GANO, JUDGE OF THE COURT OF COMMON PLEAS OF GREENE COUNTY,OHIO, Sitting by Assignment

    *Respondent*

Appellate Case No.    11-CA-51

---

## DECISION AND FINAL JUDGMENT ENTRY
November   29th  , 2011

---

PER CURIAM:

{¶ 1}  On September 1, 2011, Relator, Chantil Caskey, filed a complaint for a writ of prohibition and/or mandamus in this court.  Relator seeks a writ prohibiting Respondent, Judge G. Allen Gano, sitting by assignment in the Greene County Court of Common Pleas, Probate Division, from taking further action on the Application for Placement of T.L. filed in case no. 10041AD-10-132.  Alternatively, Relator seeks an order requiring Respondent to permit her to intervene as a party in case no. 10041AD-10-132 and present evidence as to the minor child's best interest.

{¶ 2}  Caskey is the Legal Custodian of the minor child, T.L., by order of the Greene County Court of Common Pleas, Juvenile Division, in case no. S42348.  The mother of T.L. filed an Application for Placement of T.L. in the Greene County Court of Common Pleas, Probate

Division, seeking to place T.L. with a family for the purpose of adoption. Respondent granted the placement, and the potential adopting parents have filed a Petition for Adoption under case no. 10041AD-10-132.

{¶ 3} On August 12, 2011, Caskey filed a motion to intervene as a party to the adoption proceeding in the probate court. Respondent denied Caskey's motion on September 12, 2011. Caskey's complaint in this court followed that denial.

{¶ 4} The parties filed stipulations of fact and briefs addressing the issues raised in this action for an extraordinary writ in prohibition and/or mandamus. On November 9, 2011, this Court heard oral arguments. Upon consideration of the foregoing, this Court finds that Caskey is not entitled to relief in either prohibition or mandamus because she has an adequate remedy at law by way of an appeal.

## Writ of Prohibition

{¶ 5} The writ of prohibition has been described as an "extraordinary remedy which is customarily granted with caution and restraint, * * * issued only in cases of necessity arising from the inadequacies of other remedies." *State ex rel. Henry v. Britt* (1981), 67 Ohio St.2d 71, 73. The purpose of the writ is to restrain lower courts from exceeding their jurisdiction. It is not available as a substitute for a proceeding on appeal or to anticipate an erroneous decision of a lower court. *State ex rel. Duffy v. Common Pleas Court of Cuyahoga Cty.* (1938), 133 Ohio St. 277, 281.

{¶ 6} In order to be entitled to a writ of prohibition, Caskey must demonstrate "(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law." *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 234-35, citing *State ex rel. Koren v. Grogan* (1994), 68

Ohio St.3d 590. Only where the inferior court patently and unambiguously lacks jurisdiction to act does the existence of an adequate remedy not preclude prohibition. *State ex rel. Columbus S. Power Co. v. Fais*, 117 Ohio St.3d 340, 2008-Ohio-849, at ¶16. "Conversely, '[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Furnas v. Monnin*, 120 Ohio St.3d 279, 2008-Ohio-5569, at ¶12, quoting *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, at ¶5.

{¶ 7} There is no dispute that the probate court has exclusive original jurisdiction in adoption proceedings. R.C. Chapter 3107; *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, at ¶21. Caskey, however, contends that Respondent has been divested of jurisdiction over T.L.'s adoption because (1) the original Application for Placement was signed by the attorney for both T.L.'s mother and the potential adopting parents, who are seeking to adopt T.L., in violation of R.C. 3107.011; (2) the original Application for Placement is barred by collateral estoppel because the issue with respect to "the best interest" of T.L. had previously been determined by the juvenile court; and (3) Caskey's consent to the adoption is required, and the probate court has yet to determine if withholding her consent is unreasonable.

{¶ 8} Caskey's arguments do not raise questions of jurisdiction but whether Respondent has committed error in the proceedings. As such, the issues involved are more properly raised on appeal. The dual representation of T.L.'s mother and the potential adopting parents appears to be a direct violation of R.C. 3107.011(A), but such a violation does not deprive the probate court of subject-matter jurisdiction over the proposed adoption. At most, upon finding on appeal that such a violation amounts to reversible error, the trial court may be directed, within its exclusive jurisdiction over adoption matters, to fashion a remedy that suits the specific facts of the case. See *In re.*

*Adoption of Baby Doe* (Apr. 14, 1999), Summit App. No. 19279, 1999 WL 241379 (finding the trial court improperly excluded a prospective adoptive parent under R.C. 3107.011 and remanding the matter for further consideration).

{¶ 9} Caskey's claim that collateral estoppel divests the probate court of jurisdiction over the adoption, where the juvenile court had previously made a determination as to T.L.'s "best interest," likewise sounds in error, not jurisdiction. "[Collateral estoppel] is an affirmative defense which does not divest the jurisdiction of the second tribunal to decide the validity of that defense." *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.* (1995), 74 Ohio St.3d 120, 122, citing *State ex rel. Flower v. Rocker* (1977), 52 Ohio St.2d 160, 162 (prohibition did not lie since court had jurisdiction to rule on affirmative defense of res judicata ); 63A American Jurisprudence 2d (1984) 180, Prohibition, Section 48 ("The fact that the defense of res judicata based on a decision in a former action is available in a second action involving the same issues does not deprive the court in which the second action is brought of jurisdiction to try the case again, so as to warrant the issuance of a writ of prohibition to prevent such court from proceeding with the suit, and the only remedy of the aggrieved party is to set up the res judicata plea as a defense in that suit and to appeal from an adverse decision therein").

{¶ 10} Finally, whether Caskey's consent to adoption is necessary, and if so, whether withholding of her consent is reasonable, are legal determinations to be made by Respondent upon interpreting the relevant statutes. Any perceived error in its decision to deny Caskey's motion to intervene does not affect the probate court's jurisdiction but may be remedied by way of appeal. *Januzzi v. Hickman* (1991), 61 Ohio St.3d 40, 45; *State, ex rel. Lipson v. Hunter, Bldg. Commr.* (1965), 2 Ohio St.2d 225; *In the Matter of Rundio* (Sept. 8, 1993), Pickaway App. No. 92 CA 35, 1993 WL 379512.

{¶ 11} On the facts of this case, we find that Respondent has not acted outside the probate court's jurisdiction in adoption proceedings, and that Caskey has an adequate remedy at law via appeal. The law is well-established that prohibition cannot be used as a substitute for appeal. *State ex rel. Rose Hill Burial Park of Hamilton, Ohio v. Moser* (1982), 1 Ohio St.3d 13, 14. Accordingly, the writ of prohibition is DENIED.

### Writ of Mandamus

{¶ 12} In order for a writ of mandamus to issue, Caskey must demonstrate (1) that she has a clear legal right to the relief prayed for, (2) that Respondent is under a clear legal duty to perform the acts, and (3) that she has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 29 (internal citations omitted).

{¶ 13} As stated above, Caskey has an adequate remedy at law by way of appeal to contest T.L.'s adoption and her exclusion from those proceedings. Just as with prohibition, an action in mandamus is not a substitute for an appeal. See *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 57. The writ of mandamus is DENIED.

{¶ 14} In conclusion, this Court finds that Caskey has not demonstrated a sufficient basis to justify extraordinary relief. Relator's complaint for a writ of prohibition and/or mandamus is DENIED, and this matter is hereby DISMISSED.

SO ORDERED.

_____

THOMAS J. GRADY, Presiding Judge

_____

MIKE FAIN, Judge

_____

JEFFREY E. FROELICH, Judge

       To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).

_____

THOMAS J. GRADY, Presiding Judge

Copies provided to:

Robert Hendrix
Relator's Attorney
87 S. Progress Drive
Xenia, Ohio 45385

Elizabeth Ellis
Respondent's Attorney
55 Greene Street
Xenia, Ohio 45385

James E. Swaim
Attorney for Mother
15 W. Fourth Street, Ste. 100
Dayton, Ohio 45402

Adrienne Brooks
Attorney for Applicants
36 North Detroit Street, Ste. 102
Xenia, Ohio 45385

Alice Maddox
Executive Director
Greene County Children Services
601 Ledbetter Rd., Ste. A
Xenia, Ohio 45385

CA3/JN