## JOHNSON, Plaintiff-Appellee, WOOD SEBRING CORP., Plaintiff-Appellant, v. GRAHAM LIGHTER CORP., Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20743.   Decided March 8, 1948.

Henry M. Goldwasser, Cleveland, for plaintiff-appellee.

Beach & Warner, Cleveland, for plaintiff-appellant.

Graham Lighter Corporation; No appearance, for defendant-appellee.

## OPINION

By HURD, PJ.

This is an appeal on questions of law from an order of the Municipal Court of the City of Cleveland whereby, after the sale of property by the bailiff on a writ of execution in one case, the court upon motion made after term, set aside the writ in favor of another judgment creditor in another case, whose writ had previously been returned "Nulla Bona." The salient facts as shown by the record are as follows:

On October 22, 1946, plaintiff-appellee, Lawrence J. Johnson obtained a judgment in case No. A-83348 in Municipal Court against the defendant-appellee, Graham Lighter Corporation in the amount of $2261.25 and costs and caused a writ of execution, No. 541091 to be issued therein, the same being delivered to the bailiff on October 24, 1946. Said plaintiff-appellee did not make a deposit for costs and did not give the bailiff any instructions relative to making the levy. On November 26, 1946, the bailiff returned said writ with an endorsement thereon as follows:

"No goods or chattels, lands or tenements of the named Graham Lighter Corporation could be found whereon to levy and for reason thereof is returned by me. No money made. Not satisfied."

In December 2, 1946, plaintiff-appellant, Wood Sebring Corporation, obtained a judgment in case No. A-83870 on the docket of said court against the defendant, The Graham Lighter Corporation for $300.00 and costs and caused a writ of execution No. 542200 to be issued thereon which was delivered to the bailiff on December 2, 1946. Appellant made a deposit of $10.00 with the clerk as surety for costs of the levy by the bailiff and gave written instructions to the bailiff as to which personal property to levy upon and where it could be found. On December 5, 1946, the bailiff pursuant to writ No. 542200 levied upon the goods and chattels of the judgment debtor and advertised the same for sale on January 6, 1947.

The record in this case indicates that plaintiff-appellee, Johnson had full knowledge of the impending sale upon the levy at the instance of appellant, Wood Sebring Corporation.

Thereafter on December 13, 1946, plaintiff-appellee, Johnson, caused an alias writ of execution to be issued, No. 542445 and again did not make deposit to secure court costs with the clerk and gave no written instructions to the bailiff to levy upon the same goods which were being advertised for sale under execution No. 542200 incident to the levy made by appellant herein.

On Jan. 6, 1947, the bailiff sold the goods levied upon under the appellant's writ pursuant to advertisement and appellant bought the property for the sum of $295.00, paid the costs of the bailiff, and set off the balance against his judgment. Thereafter the appellant as purchaser removed the goods and substantially liquidated the same.

On or about January 15, 1947, at the next term of court, plaintiff appellee, Johnson, filed a motion for an order on the

bailiff to vacate or amend his return of execution No. 541091 and to reinstate said execution granting priority over plaintiff-appellant's execution, levy and sale. On January 23, 1947, the court granted said application without notice to the appellant. Thereafter, upon application of the appellant, the court granted a rehearing. After said rehearing on March 25, 1948, the court made final disposition by vacating the entry of execution and sale of appellant under execution 542200 in case No. A-83870 and granted plaintiff's motion by adjudging priority to the writ of execution of plaintiff-appellee, Johnson, being No. 541091 in case No. A-83348 and awarded the full proceeds of the sale of said personal property to plaintiff-appellee, Johnson.

The assignments of error are:

"1. That the judgment and decree of the Municipal Court of Cleveland entered in the above action on or about March 25, 1947, wherein it determined that the writ of execution No. 541091 in the above entitled cause took precedence over writ of execution No. 542200 in case No. A-83870 in said court, wherein this appellant was plaintiff and The Graham Lighter Corporation was defendant, is contrary is law.

2. That said judgment and decree of the Municipal Court of Cleveland was wholly unsupported by the evidence.

3. That the Municipal Court of Cleveland should have determined that said execution No. 542200 prevailed over or took preference over said execution No. 541091."

It should be noted at the outset that this is not an action against the bailiff for amercement. We are dealing solely with the question of priorities on executions in two different causes of action against the same judgment creditor between rival judgment creditors.

It should be noted also that there is no charge of fraud made against the bailiff; neither is there any evidence of fraud or collusion in the record.

The principal question to be decided here is whether the writ of appellant in the execution of which the personal property of the judgment debtor was seized and sold, is entitled to priority over a writ of the appellee which had been previously returned "nulla bona." In our opinion the answer to this question must be in the affirmative.

From the statement of the facts it will be observed that the property of the judgment debtor was seized by the bailiff upon the writ of execution of the appellant and by said bailiff reduced to his possession, advertised and sold at public sale.

The appellant was the successful bidder at said sale, bought the property, paid the balance of the costs and applied the balance remaining to his judgment. Thereupon the goods were removed and substantially liquidated.

The appellant relies upon the case of **Root v Railroad Co. 45 Oh St 222,** the syllabus of which is as follows:

"1. In order to constitute the levy of an attachment on personal property, it must be taken into the custody of the officer levying the writ, so as to be held subject to the order of the court from which the writ issued. After the seizure has been effected, the property may be placed by the officer in the possession of a person acting for him as the keeper, but cannot be left in the possession of the debtor, and subject to his control, unless upon the execution of a forthcoming undertaking as provided in Sec. 5529 of the Revised Statutes.

2. In the absence of a levy so made, the court acquires no jurisdiction over the property sought to be attached, and it may be taken in execution or attachment by any other creditor as if no previous writ had been issued.

3. Where, as a matter of fact, personal property is for the first time seized by an officer and taken into his custody under a writ of execution, the return of the officer that he had levied the same upon certain property subject to a former attachment, does not preclude the execution creditor from showing that, from an omission of the officer to take the property into his custody no such attachment had in fact been made."[1]

This case, although followed in numerous decisions, has never been modified or disapproved by our supreme court and is the law of Ohio today. It is, we believe, authority for the proposition that in either an attachment or execution,

---

1. In the same case (Root v R. R. Co. supra) at page 231, Minshall J. in his opinion stated:

"* * * Where the property on which the sheriff levies a particular writ is in his possession under a former one, a second seizure need not, and in fact cannot be made; the seizure as to such subsequent writ is, in law, effected by simply endorsing a levy upon it, and such levy will take effect from the receipt of the writ by the sheriff. Where the property is in his custody under the former writ, such custody supports the return of a levy made under the second writ; but if it is not, and no seizure is in fact made under the second writ, the latter one is no more effectual than the former one. But where as in this case, the property is for the first time seized under the second writ (fifth finding of fact) it stands upon its own footing and is necessarily prior in right to all liens depending upon a seizure of the property. * * *."

priority must be accorded the writ in the execution of which the property is first seized by the officer.

At the time of the execution of appellant's writ there was no live writ of execution in existence against the judgment debtor, the first writ having been previously returned "nulla bona." Therefore, in pursuance of the holding in Root v Railroad, supra, priority must be accorded the appellants writ of execution.

Under such circumstances, the remedy of the judgment creditor, if any there be, is by way of amercement in proceedings against the bailiff.

We conclude that the seizure and sale of the personal property by the bailiff on appellant's writ as between the judgment creditors entitled the appellant to the proceeds of sale upon execution and that it was prejudicial error on the part of the trial court after seizure, sale and disposal of the property, to grant the motion of plaintiffff-appellee Johnson, and thereby to grant him preference and to award him the proceeds of the sale when his writ had previously been returned "nulla bona."

While we think that our conclusion on this point is decisive of the issues herein we deem it advisable and proper to advert to certain other issues which have been urged in oral argument and by way of briefs of counsel and discussed in the opinion of the trial court.

It is urged by the appellant that appellee, Johnson, abandoned all rights or claims under the writ of execution No. 541091 which has been returned "nulla bona", this for the reason that appellee, Johnson, issued an alias writ of execution, No. 542445 on Dec. 13, 1946, subsequent to appellant's writ No. 542200 under which the property was sold. In our opinion this action constituted abandonment by plaintiff-appellee of his first writ and a reliance upon the alias writ.

Is is well settled that abandonment of a writ of execution operates as an absolute discharge of the property and as a destruction of the rights acquired thereunder.[2]

2. See 21 American Jurisprudence 57, parag. 105, as follows: "The abandonment of a levy of execution operates as an absolute discharge of the property and as a destruction of rights acquired under the levy, even though the levy is improperly abandoned by the execution officer who thereby becomes liable to the execution creditor, so that the property may be seized under a writ of any other judgment creditor and the judgment debtor may sell the property and pass a title free of the lien of the execution. The abandonment also operates to give priority to liens which previous to the abandonment of execution had been subject to the lien thereof."

In oral argument and briefs of counsel, and in the opinion of the trial court, much attention is given to the question of what is meant by the words "within sixty days from its date" as set forth in §11712 GC which reads as follows:

"When executions to be returned: The officer to whom an execution is directed shall return such writ to the court to which it is returnable within sixty days from its date."

The appellee contends that these words mean "at the end of sixty days" and that the bailiff erred in making his return "nulla bona" in thirty-two days.

Numerous authorities have been cited by counsel and we have examined all of these and additional authorities. In examining authorities cited from other jurisdictions we find many different phases of the question discussed under cases involving different sets of facts and circumstances, different statutes and rules of court. In our own jurisdiction the cases of **Doll, v Barr, 58 Oh St 113** and **Ryan, v Root & McBride Bros. 56 Oh St 302**, relied upon by appellee, and cited by the trial court, were decided under §11665 GC before it was amended. The statute before it was amended read as follows:

"When two or more writs of execution against the same debtor are sued out during the term in which judgment was rendered or within ten days thereafter and when two or more writs of execution against the **same debtor are delivered to the officer on the same day, no preference shall be given to either of such writs. If a sufficient sum of money be not made to satisfy all executions the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands.** In all other cases the writ of execution first delivered to the officer shall be first satisfied. The officer shall indorse on every writ of execution the time when he received it; but nothing herein containd shall affect any preferable lien which a judgment on which execution issued has on the lands of the debtor." (emphasis added)

Sec. 11665 GC as amended and effective July 24, 1939 reads as follows:

"When two or more writs of execution against the same debtor are delivered to the officer on the same day, no preference shall be given to either of such writs. If a sufficient sum of money be not made to satisfy all such executions, the amount made shall be distributed to the several creditors in proportion to the amounts of their respective claims. **In all other cases the writ of execution first delivered to the office**

shall be satisfied. The officer shall indorse on every writ of execution, the time when he received it; but nothing herein contained shall affect any preferable lien which a judgment on which execution issued has on the lands of the debtor."

At the time of the decision in the case of Doll v Barr and Ryan v Root & McBride Bros, supra, old §11665 GC which was applicable forbade any preference among executions sued out in any term in which the judgments were rendered and required that the money made, if insufficient to satisfy all the writs, should be distributed to the creditors in proportion to the amount of the respective demands and the code did not limit creditors whose writs were levied on the debtors' property or in the hands of the officer at the time of the sale but embraced all whose interests were sued out within the specified time. This was completely in accord with the section of the code as it then existed.

The case of Ryan v Root & McBride Bros. supra, decided April 27, 1897, was another action for amercement. In that case the court held:

"The goods and chattels of M, when seized in execution by the sheriff were brought within the operation of Sec. 5382 Rev. Stat. which directs that when two or more writs of execution against the same debtor are sued out during the term at which judgment was rendered, **no preference shall be given to either of such writs; but if a sufficient sum of money be not made to satisfy all executions, the amount made shall be distributed to the several creditors in proportion to the amount of their respective demands and no subsequent assignment by the debtor could have the effect to prevent the application of the proceeds of sale as directed by the statute.**" (emphasis added)

It will be observed that under the Revised Statutes previously existing writs of execution sued out during term were on an equal footing and that no preference could be allowed between judgment creditors in respect of writs of execution levied during the term whereas under the statute here in effect (except in the case of two or more writs delivered to the officer on the same day) the writ of execution first delivered to the officer shall be first satisfied.

So that we conclude that neither Doll v Barr, or Ryan v Root & McBride Bros., supra., have application here under §11665 GC as amended July 24, 1939.

Considering further the question of construction of §11712 GC and particularly the words "returnable within sixty days from its date". According to Webster's New International Dictionary, the word "within" in relation to time, means "no longer than" "before the end or since the beginning of" as "within the hour" or "in the limit or compass of" "not beyond" "not later than."

In "Words & Phrases" Volume 45, page 378 et seq., the word "within" is defined as being "before" "during" and "not later than" "for the space of" "not beyond" "not less than." Accepting these definitions of the word "within" this section of the code is clear and unambiguous and therefore it is unnecessary to resort to accepted methods of judicial interpretation and construction as in cases where the statutes are clearly ambiguous.

In the case of Renaud v O'Brien, et al, 35 New York Reports 99, the court held:

"The sixty days allowed by statute to the sheriff to execute and return the process of execution is for the benefit of the sheriff to prevent compulsory proceedings against him until he has had a reasonable amount of time to execute such process. In a proper case a creditor's bill can be maintained where the action is commenced after the return in good faith of nulla bona though it be within sixty days allowed by law as a possible life of an execution."

In the case of Guerney v Moore, 131 Mo. Rep. 650 (decided 1895) the court held:

"A return against a corporation defendant before the expiration of sixty days is not premature where defendant is insolvent and has ceased to do business."

In the case of Chesebro v Barme, 163 Mass, 79, at page 80, a case cited by appellee, we find the following:

"By our statute, Pub. Sts. C. 171, par. 22, an execution must be made returnable in sixty days from its date. This is not equivalent to saying that an execution can be returned to court only upon its statute return day. The purpose of the enactment is to make a reasonable limit of time beyond which the process shall not authorize the commencement of proceedings for the collection of the judgment. But service begun before the return day may be completed thereafter. Pub. Sts. C. 171, par. 55. The officer's return of service upon the execution, and the return of the execution into court, are different matters. He may indorse upon the execution any true state-

ment of his acts under it without waiting for the return day; and there is no prohibition against returning the execution into court before or after the return day."

While there are some decisions contra, we find that on logic and reason and the weight of authority, in the absence of instructions to the contrary, under existing applicable statutes, the officer making the levy is not required to hold the writ for the full term of sixty days but that this period of time is allowed to him as a matter of protection to prevent compulsory proceedings against him until he has had the full amount of time allowed by law to execute the process.

Before concluding we feel we should advert to one other proposition which has to do with the observance of Rule 25 of the Municipal Court which reads as follows:

"In all cases in which it shall be necessary to store or to provide a custodian for property seized under any writ or order issued by this court, the bailiff shall require a deposit sufficient to secure the probable storage or custodian charges in each case."·

The uncontradicted evidence in the record shows that this rule of court has been followed by the clerk of the municipal court and that deposits in advance are required for the securing of the costs incurred by the bailiff in making a levy.

The chief deputy bailiff of municipal court under cross-examination testified in part as follows:

"Q. I hand you Wood-Sebring Exhibit B and ask you to tell us what that is.

A. Those are instructions to the bailiff, issued by George E. Beach, attorney, to levy execution on the goods and chattels of defendant at its manufacturing plant at 5713 Euclid Avenue.

Q. I observe some stamp upon that from the clerk's office. Are you familiar with what that is?

A. Yes, sir, I am.

Q. What is it?

A. That is a stamp that the clerk uses on all of his writs where a deposit has been made. This stamp denotes that a $10.00 deposit was made on Dec. 3, 1946 with the clerk to secure the costs incurred in this levy.

Q. What do you know in regard to the custom or rule of the clerk's office in that respect as to whether deposits are required?

A. Deposits are required.

Q. For what?

A. For the securing of the costs incurred by the bailiff in making the levy.

Q. Did you have any such instructions in the Johnson case?

A. I did not."

Municipal Court Rule No. 25 which was adopted and in full force and effect under the provisions of §§1579-40, 1579-47 GC in respect of fees and costs of the municipal court, is in our opinion binding upon court and litigant alike. Equal justice requires that such a rule of court should have equal application to all litigants. In a situation such as is here presented where the record shows that the personal property of an insolvent debtor is subject to the claims of judgment creditors, a creditor who complies with the rule of court is entitled to priority as against one who fails to comply.

For all of the reasons stated, we conclude that the assignments of error of appellant herein are well grounded and that the judgment of the municipal court should be reversed and that final judgment should be entered for appellant, Wood-Sebring Corporation. Judgment accordingly. Order See Journal.

MORGAN, J, SKEEL, J, concur.