[Cite as *Patterson v. Burnside*, 2014-Ohio-2064.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100942 and 101296**

# DAVID PATTERSON, ET AL.

RELATORS

vs.

# JUDGE JANET BURNSIDE, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion No. 472453
Order No. 474706

**RELEASE DATE:** May 14, 2014

**ATTORNEY FOR RELATORS**

John Wood
281 Corning Drive
Bratenahl, Ohio   44108


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Charles E. Hannan
          David G. Lambert
Assistant County Prosecutors
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Relator, David Patterson, filed an original action (8th Dist. Cuyahoga No. 100942) requesting this court to issue a writ of prohibition preventing respondents, Judge Janet Burnside and Sheriff Frank Bova, from issuing or enforcing a writ of possession because he believes respondents patently and unambiguously lack jurisdiction to proceed. Subsequently, relators, David Patterson and Marva Patterson, (collectively referred to as "Patterson"), filed another original action (8th Dist. Cuyahoga No. 101296) against the same respondents and seeking the same relief. Respondent judge issued a writ of execution on March 26, 2014, which respondent sheriff allegedly intends to serve. These actions have been consolidated for disposition. Respondents filed a motion for summary judgment in case number 100942, which Patterson has opposed. After the second action was filed, Patterson was sua sponte granted leave to supplement the brief in opposition to respondents' motion for summary judgment. For the reasons that follow, respondents' motion for summary judgment is granted.

{¶2} A writ of prohibition "is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Before it can be granted, Patterson must prove that: "(1) the lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) relator possesses no other adequate remedy at law." *Id*. However, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial. *State ex rel. Tilford*

*v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). Therefore, if the lack of jurisdiction is patent and unambiguous, the writ will be granted upon proof of the first two elements alone.

{¶3} Absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has "the right to determine the bounds of its own jurisdiction, and any error in that determination could be remedied upon appeal." *Lingo v. State*, Slip Opinion No. 2014-Ohio-1052, ¶ 41, citing *State ex rel. Miller v. Lake Cty. Court of Common Pleas*, 151 Ohio St. 397, 86 N.E.2d 464 (1949), paragraph three of the syllabus.

{¶4} Patterson argues that respondent judge patently and unambiguously lacks jurisdiction to issue the writ of possession. First, Patterson maintains that the initial writ was returned unexecuted after 60 days and was therefore abandoned and extinguished, thereby barring the issuance of any further writ of possession. It appears to be Patterson's position that the sole remedy of the creditor is now through an action for amercement or a common law action for damages against the sheriff. Secondly, Patterson maintains that the court lacked jurisdiction to issue the second writ because he contends neither the trustee nor the bank have standing in the underlying litigation because the bank assigned its interest to the trustee, who is not a party.

{¶5} The underlying litigation involves a foreclosure action. Clearly, the Cuyahoga County Court of Common Pleas and the respondent judge have jurisdiction over the complaint for foreclosure and possess the inherent and statutory authority to

enter judgment in the case. In fact, this court reversed the respondent judge's order that had granted Patterson's motion to vacate the foreclosure order and sheriff's sale in *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, 984 N.E.2d 392. We remanded the matter to respondent judge with a mandate to reinstate the foreclosure judgment and sheriff sale.

{¶6} Following the remand in *CitiMortgage,* Patterson filed a motion for relief from judgment, which was denied on October 29, 2013. On January 27, 2014, Patterson also filed motions to vacate the confirmation of sale, to vacate the sale, to return the order of sale without execution, and to vacate and set aside the judgment of foreclosure. In the meantime, the initial writ of possession was returned "cancelled: per deputies due to wrong broker on paperwork." Another writ of possession was then issued.

{¶7} Relator has provided no authority to support the position that respondents are patently and unambiguously without jurisdiction to issue and execute upon a second corrected writ of possession in a foreclosure case after an initial writ was returned for the reason that it was "cancelled: per deputies due to wrong broker on paperwork." While the law provides that the abandonment of a writ discharges the property and destroys the rights the creditor obtained pursuant to a writ unexecuted for 60 days, it does not appear to preclude the issuance of a subsequent or corrected writ of possession involving the same property in favor of that creditor or a different creditor. *E.g. In re Takacs v. Baldwin*, 106 Ohio App.3d 196, 665 N.E.2d 736 (6th Dist.1995) (amercement action was filed after the debtor's property had disappeared and could not be located after multiple

writs had been issued but were unsuccessfully executed by the sheriff); *see also Johnson v. Graham Lighter Corp.*, 83 Ohio App. 489, 80 N.E.2d 690 (8th Dist.1948) (writ of possession that was returned unexecuted extinguished the first creditor's rights under that writ such that the subsequently issued alias writ in favor of the first creditor did not take priority over an intervening writ of possession that was issued in favor of a different creditor over the same property). Therefore, there is no basis for concluding that the respondents patently and unambiguously lack jurisdiction to issue and execute the writ of possession.

{¶8} Errors concerning a party's standing and whether the trial court properly determined the bounds of its own jurisdiction can be remedied on direct appeal, and not all cases involving an alleged lack of standing merit the issuance of a writ. *Lingo*, 2014-Ohio-1052, ¶ 41; *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

{¶9} Accordingly, we grant respondents' motion for summary judgment,  and relators' request for a writ of prohibition is denied. *State ex rel. Waller v. Indus. Comm. of Ohio*, 143 Ohio St. 475,  55 N.E.2d 800 (1944), quoting *State ex rel. Brophy v. Cleveland*, 141 Ohio St. 518, 49 N.E.2d 175, paragraph two of the syllabus ("A writ of mandamus will not issue in a second action between the same parties or between parties representing such parties to require the performance of what the court in the first action has already ordered to be done"). Relators to pay costs. The court directs the clerk of

court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Writ denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR