Weygandt, C. J.
 

 The petition in the instant case quotes the entire petition filed in the Court of Common Pleas. That action was filed by a taxpayer for the recovery of money alleged to have been paid unlawfully and fraudulently from the treasury of the state of Ohio for the construction and improvement of various highways. A demurrer was filed challenging the sufficiency of the second amended petition. This was overruled. It is now complained that the Court of
 
 *430
 
 Common Pleas continues to assume jurisdiction and will render judgment unless a writ of prohibition is issued by this court to prevent such action.
 

 The gravamen of this plaintiff’s contention is that the suit in the Court of Common Pleas is one that may not be prosecuted by a taxpayer on behalf of the state of Ohio. By overruling the demurrer to the amended petition that court has indicated a contrary view. In the opinion of this plaintiff this was error.
 

 That a writ of prohibition is not available as a substitute for appeal or error proceedings has been held by this court on numerous occasions.
 
 State, ex rel. Nicklaus,
 
 v.
 
 McClelland, Judge,
 
 132 Ohio St., 447, 8 N. E. (2d), 565;
 
 State, ex rel. Young,
 
 v.
 
 Morrow, Judge,
 
 131 Ohio St., 266, 2 N. E. (2d), 595;
 
 State, ex rel. Frasch,
 
 v.
 
 Miller, Judge,
 
 126 Ohio St., 287, 185 N. E., 193;
 
 Silliman
 
 v.
 
 Court of Common Pleas of Williams County,
 
 126 Ohio St., 338, 185 N. E., 420;
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge,
 
 114 Ohio St., 94, 150 N. E., 430.
 

 When this plaintiff was sued in the Court of Common Pleas he filed a demurrer and properly asked that tribunal to determine the question of its own jurisdiction. The court did so, but the decision was adverse, and now the plaintiff seeks to abandon the usual process of appeal and resort to the extraordinary remedy of prohibition. This is a course the law does not sanction. As stated by Judge Matthias in the case of
 
 State, ex rel. Carmody,
 
 v.
 
 Justice, Judge, supra,
 
 “The question presented, therefore, in every instance where the issuance of a writ of prohibition is prayed, is whether it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is attempting to adjudicate, or is about to exceed its jurisdiction. It is never an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate.” /
 

 
 *431
 
 The demurrer to the petition in the instant case must be sustained and final judgment rendered for the defendants.
 

 Writ denied.
 

 Zimmerman, Williams, Matthias and Hart, JJ., concur.
 

 Turner, J., not participating.