By the Court.
 

 Paragraphs numbered 2, 28 and 4 of the prohibition petition read:
 

 “2. Relator says that he is one of the defendants in a certain action now pending, for foreclosure of real estate mortgage, filed by the Peoples Bank Company of Port Recovery, Ohio, against Henry Sunderman (now deceased, father of relator), and others on May 22, 1934, being case No. 12494 on the docket of the Court of Common Pleas of Mercer county.”
 

 “28. Relator says that the Common Pleas Court on July 6, 1934, made an order granting relator further time to plead in said action, but unfortunately through oversight of counsel, answers of the defendants were not filed on August 3, 1934 as they should have been. Thereupon, without any notice to counsel of record that it intended to apply for a default judgment, the
 
 *85
 
 plaintiff secured a default judgment and an order of sale on August 6, 1934, and thereby frustrated all relator’s efforts to have the case heard on its merits.”
 

 “4. That in said foreclosure action said court on May 24, 1941, entered an order overruling a motion filed September 28, 1934, and amended September 18, 1939, to set aside a default judgment, which motion and amended motion were fully submitted to the court on evidence on September 22, 1939, and held under advisement until said May 24, 1941; and said order further decreed that an alias order of sale issue.”
 

 A writ of prohibition may not be employed as a substitute for appeal. 32 Ohio Jurisprudence, 574, Section 12;
 
 State, ex rel. Garrison,
 
 v.
 
 Brough,
 
 94 Ohio St., 115, 113 N. E., 683;
 
 State, ex rel. Norris,
 
 v.
 
 Hodapp, Judge.
 
 135 Ohio St., 26, 18 N. E. (2d), 984;
 
 Shafer
 
 v.
 
 Common Pleas Court,
 
 137 Ohio St., 429, 30 N. E. (2d), 811.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.