THE STATE, EX REL. THE OHIO COMPANY ET AL., *v.* MASCHARI, JUDGE.

[Cite as State, ex rel. The Ohio Company, *v.* Maschari (1990), 51 Ohio St. 3d 18.]

(No. 89-167—Submitted November 21, 1989— Decided May 9, 1990.)

*Emens, Hurd, Kegler & Ritter* and *John C. McDonald,* for relator The Ohio Company.

*Jones, Day, Reavis & Pogue* and *John W. Zeiger,* for relators Donald C. Fanta, Daniel A. Fronk and O. Allan Gulker.

*Vorys, Sater, Seymour & Pease* and *Michael J. Canter,* for relators Funtime, Inc., Dale W. Van Voorhis and Gaspar C. Lococo.

*Porter, Wright, Morris & Arthur* and *James E. Pohlman,* for relator Dain Bosworth, Inc.

*Kevin J. Baxter,* prosecuting attorney, for respondent Judge Maschari.

*Murray & Murray Co., L.P.A., Dennis E. Murray, Sr., Kirk J. Delli Bovi, John T. Murray* and *Dennis E. Murray, Jr.,* for intervenors, Maureen Gergely et al.

*Gallagher, Sharp, Fulton & Norman* and *James F. Koehler,* for *amicus curiae,* United Shareholders Association.

*Per Curiam.* This is an action in prohibition challenging the jurisdiction of respondent, Judge Ann B. Maschari of the Court of Common Pleas of Erie County, to proceed with a jury trial on certain claims arising out of the management-led leveraged buyout of Funtime, Inc., formerly a publicly traded Ohio corporation. The cause before Judge Maschari, *Maureen Gergely et al.* v. *Dale Van Voorhis et al.,* Erie C.P. No. 87-CV-469 (the *"Gergely* action"), is a class action brought against Funtime, Inc., Dale W. Van Voorhis, Gaspar C. Lococo, The Ohio Company, Donald C. Fanta, O. Allan Gulker, Daniel A. Fronk, and Dain Bosworth, Inc., the relators in this case. The class consists of:

"[A]ll former shareholders of Funtime, Inc., who owned shares on September 14, 1987 [the day of Funtime management's tender offer], and who continued to own stock at the close of business on December 30, 1987 [the day before the merger that effected the buyout], excepting only those shares owned directly or indirectly by defendants VanVoorhis [*sic*], Lococo, Fanta, Gulker, Fronk, The Ohio Company, and Dain Bosworth[.]"

Van Voorhis and Lococo are the Funtime, Inc. officers and directors who led the group that offered to acquire all of Funtime's stock. The Ohio Company was Funtime's largest stockholder before the buyout. Fanta, Gulker, and Fronk are or were officers or directors of The Ohio Company, and were also the nonmanagement Funtime directors who evaluated the Van Voorhis Group's offer as a special committee. Dain Bosworth, Inc. is the investment banking firm that assessed

the buyout transaction for financial fairness.

The *Gergely* action is purported to be a suit for damages resulting from fraudulent acts and breaches of fiduciary duties committed in connection with the entire transaction through which Funtime "went private." However, in support of a writ prohibiting Judge Maschari from proceeding, relators argue that the *Gergely* action actually attacks the adequacy of the price paid for shares of Funtime stock, and seeks an increase of that price. In *Armstrong* v. *Marathon Oil Co.* (1987), 32 Ohio St. 3d 397, 421-422, 513 N.E. 2d 776, 798, we held that the sole means for determining the price to be paid for shares held by a dissenting shareholder was the special trial court appraisal proceeding authorized by R.C. 1701.85. Thus, relying on *Armstrong* and cases like *Steinberg* v. *Amplica, Inc.* (1986), 42 Cal. 3d 1198, 233 Cal. Rptr. 249, 729 P. 2d 683, and *Walter J. Schloss Associates* v. *Chesapeake & Ohio Ry. Co.* (1988), 73 Md. App. 727, 536 A. 2d 147, relators maintain that Judge Maschari has no jurisdiction to circumvent this exclusive remedy by conducting a jury trial in the *Gergely* action.

Relators' argument was raised in the *Gergely* action in a motion for summary judgment. Judge Maschari denied the motion without explanation, but her ruling implies a preliminary finding that genuine fraud and breach of fiduciary claims are asserted in the *Gergely* action. In *Armstrong*, we declared the statutory appraisal remedy exclusive, but also said that:

"* * * [T]his is not to say that causes of action which seek compensation other than the value of a dissenter's shares of stock are not maintainable. *Provable injury under whatever theory utilized is compensable so long as it does not seek to overturn or modify the fair cash value determined. Such theory may not, however, be joined to the R.C. 1701.85 proceeding, but is a separate cause of action subject to the applicable statute of limitations and* res judicata. See *Radol* v. *Thomas* (C.A. 6, 1985), 772 F. 2d 244, certiorari denied (1986), 477 U.S. [903] * * *." (Emphasis added.) *Armstrong, supra,* at 422, 513 N.E. 2d at 798.

Thus, Judge Maschari argues here that she has authority to conduct a jury trial in the *Gergely* action because actions for fraud and breach of fiduciary duty are permitted outside the statutory appraisal proceeding.

Judge Maschari also relies on the rule stated in *State, ex rel. Smith,* v. *Court of Common Pleas* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005, paragraph one of the syllabus, which is:

"A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on the issue raised, and a party challenging its jurisdiction has a remedy at law in an appeal from an adverse holding of the court that it has jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action. (*State, ex rel. Miller,* v. *Court,* 151 Ohio St. 397, paragraph three of the syllabus, approved and followed.)"

Judge Maschari argues that relators have such an adequate remedy since they will be able to appeal in the event a decision is ultimately rendered against them. As this ordinarily defeats a claim for the writ because prohibition is not to be used as a substitute for appeal, *State, ex. rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 73 O.O. 2d 328, 338 N.E. 2d 522, or to prevent or correct an erroneous judicial decision, *State, ex rel. Winnefeld,* v. *Court of Common Pleas of Butler Cty.* (1953), 159 Ohio St. 225, 50 O.O. 263, 112 N.E. 2d 27, Judge

Maschari maintains that relators are not entitled to a writ of prohibition.

Relators do not dispute the adequacy of the appeal that will eventually be available. Instead, they urge us to apply another rule, which is also mentioned in *Smith*:

"* * * [W]here there is a 'total and complete want of jurisdiction' on the part of the inferior court, * * * such a writ [will] be allowed despite the presence of a remedy by way of appeal." *Smith, supra,* at 215, 24 O.O. 3d at 321, 436 N.E. 2d at 1007, citing *State, ex rel Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 59 O.O. 2d 387, 388, 285 N.E. 2d 22, 24. Accord *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 58, 25 OBR 77, 81, 495 N.E. 2d 16, 21.

From this, relators argue that the availability of an appeal is immaterial because Judge Maschari is completely and totally without jurisdiction to proceed with a jury trial in the *Gergely* action under R.C. 1701.85.

We disagree for two reasons. First, to conclude that Judge Maschari is "total[ly] and complete[ly]," (*Gusweiler, supra,* at 329, 59 O.O. 2d at 389, 285 N.E. 2d at 24) without any jurisdiction "whatsoever" (*Johnson, supra,* at 58, 25 OBR at 81, 495 N.E. 2d at 21), we would have to find that a statute "patently and unambiguously" (*Smith, supra,* at 215-216, 24 O.O. 3d at 321, 436 N.E. 2d at 1007-1008, citing *State, ex rel. Safeco Ins. Co.,* v. *Kornowski* [1974], 40 Ohio St. 2d 20, 69 O.O. 2d 90, 317 N.E. 2d 920) prevents her from exercising the general original jurisdiction bestowed on common pleas courts by R.C. 2305.01. However, as we said in *Armstrong,* R.C. 1701.85 does not make its appraisal proceeding the exclusive remedy for actions that seek damages other than for the value of a dissenting shareholder's stock. Judge Maschari has determined, as an initial matter, that the *Gergely* action seeks relief for genuine fraud and breach of fiduciary duty claims, not for the value of a dissenter's shares. Thus, R.C. 1701.85 does not patently and unambiguously restrict her from proceeding in that matter.

Second, we find that this case is analogous to *Shafer* v. *Common Pleas Court of Franklin Cty.* (1940), 137 Ohio St. 429, 19 O.O. 129, 30 N.E. 2d 811, in which a writ of prohibition was denied. There, as here, the relator brought an original action in this court after a common pleas court had ruled adversely to him on a jurisdictional motion. Like the relators in this case, the relator in *Shafer* sought to prevent the common pleas court from trying and deciding the underlying case by arguing the jurisdictional grounds he had already raised in that suit. However, recognizing that the relator was simply claiming error, we did not resolve the jurisdictional issue in order to decide whether prohibition was warranted. Instead, we said:

"When this * * * [relator] was sued in the Court of Common Pleas he filed a demurrer and properly asked that tribunal to determine the question of its own jurisdiction. The court did so, but the decision was adverse, and now the * * * [relator] seeks to abandon the usual process of appeal and resort to the extraordinary remedy of prohibition. This is a course the law does not sanction. As stated by Judge Matthias in the case of *State, ex rel. Carmody,* v. *Justice, Judge * * * * [(1926), 114 Ohio St. 94, 97, 150 N.E. 430, 431], 'The question presented, therefore, in every instance where the issuance of a writ of prohibition is prayed, is whether it clearly appears that the court or tribunal whose action is sought to be prohibited has no jurisdiction of the cause which it is at-

tempting to adjudicate, or is about to exceed its jurisdiction. It is never an appropriate remedy for the correction of errors, and does not lie to prevent an erroneous decision in a case which the court is authorized to adjudicate,' " *Id.* at 430, 19 O.O. at 129-130, 30 N.E. 2d at 812.

Similarly, the gravamen of relators' position in this case is that Judge Maschari erred by overruling the motion for summary judgment. To this end, they maintain that the *Gergely* action is, in reality, an attack on the adequacy of the price paid for dissenting shareholders' stock. However, by denying the motion, Judge Maschari, like the judge in *Shafer*, has "indicated a contrary view." *Id.* Thus here, as in *Shafer*, relators are not entitled to relief.

Accordingly, we hold that Judge Maschari had the authority to decide whether she had jurisdiction in the *Gergley* action and, therefore, that a writ of prohibition must be denied.

*Writ denied.*

MOYER, C.J., SWEENEY, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

HOLMES and WRIGHT, JJ., concur separately.

HOLMES, J., concurring. I concur in the majority opinion, but as does Justice Wright in his concurrence here, I point to *Stepak* v. *Schey* (1990), 51 Ohio St. 3d 8, 553 N.E. 2d 1072, and my concurrence therein.

WRIGHT, J., concurring. I reluctantly concur in the majority opinion. I say this because I still hold to the doctrine that a trial court determines its own jurisdiction; however, I think it an exercise in futility and a waste of resources by all parties to proceed with this matter at trial.

We have just made it abundantly clear that R.C. 1701.85, the appraisal statute, preempts any cause of action against past officers or directors of a corporation for breach of fiduciary duty where the remedy sought is to overturn or modify the fair cash value of stock determined in a cash-out merger. *Stepak* v. *Schey* (1990), 51 Ohio St. 3d 8, 553 N.E. 2d 1072. After accepting the funds offered, a past stockholder will not be heard to complain about the amount of compensation he or she received premised upon information provided *before* acceptance of the buyout offer. Appellees' studied failure to seek injunctive relief prior to this transaction or to avail themselves of relief under R.C. 1701.85(B) simply ends this controversy. See *Armstrong* v. *Marathon Oil Co.* (1987), 32 Ohio St. 3d 397, 421-422, 513 N.E. 2d 776, 798.