On October 21, 1999, the relator, William Novak, commenced this prohibition action against the respondent, Sheriff Gerald T. McFaul, to prohibit the sheriff from acting upon an "Official Eviction Notice." Mr. Novak styled his complaint as an "Emergency Complaint in Prohibition." He alleges that the sheriff will evict him on October 26, 1999. For the following reasons, this courtsua sponte denies the application for a writ of prohibition.
The following can be gleaned from the materials filed. Mr. Novak lost an action in foreclosure, Francis Gaul v. WilliamNovak, Cuyahoga County Common Pleas Court Case No. Cv. 260943. He appealed that action, Court of Appeals Case No. 77307, and filed a motion for stay in the trial court which has not yet been ruled on. He filed a motion to preserve the status quo in his appeal, and this court denied that motion. The trial court ordered his property sold. It was sold, and the trial court confirmed the sale on October 5, 1999. Subsequently, the purchaser sought a writ of possession, and the sheriff has issued a notice of eviction for October 26, 1999.
Mr. Novak now seeks to prohibit the sheriff from evicting him. He alleges a variety of infirmities with the procedure, including the trial court's lack of jurisdiction to issue the order confirming the sale because an affidavit of disqualification was pending in the Supreme Court of Ohio at that time. He also asserts that there is no provision in Ohio law for a writ of possession, that the relevant praecipe was improperly executed, that the trial court has not ruled on his motion for a hearing and that the record is insufficient to effect a writ of possession. However, Mr. Novak's application for a writ is ill-founded.
The principles governing prohibition are well-established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel. Lesher v. Kainrad (1981),65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf.State ex rel. Sibarco Corp. v. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967), 386 U.S. 957. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Spartov. Juvenile Court of Darke County (1950), 153 Ohio St. 64,65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State exrel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273;Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v.Hoddinott (1973), 36 Ohio St.2d 127,304 N.E.2d 382.
In the present case the sheriff is not about to exercise judicial authority. Issuing an eviction notice or effecting a writ of possession is an administrative act and not a judicial act. State ex rel. Greenwood v. Baals (1940), 66 Ohio App. 255,31 N.E.2d 244 — the issuance by a justice of the peace of a writ of restitution is a ministerial act. See also, Bank One, Cincinnativ. Wait (1996), 110 Ohio App.3d 460, 674 N.E.2d 759. State exrel. Hanford v. Anderson (1936), 21 Ohio Law Abs,. 577, upon which Mr. Novak relies, is distinguishable and unpersuasive because it concerned the foreclosure of municipal property used strictly for municipal purposes. The court in Anderson exercised its discretion to further the public policy of protecting public property used strictly for public functions.
Additionally, Mr. Novak has or had adequate remedies at law through appeal and motions for stay. These preclude the issuance of a writ of prohibition. State ex rel. Sunderman v. Barber
(1941), 139 Ohio St. 84, 38 N.E.2d 318.
Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, the court denies the writ. Costs assessed against the relator.
LEO M. SPELLACY, J., JAMES D. SWEENEY, J., CONCUR.
 _________________________________ JOHN T. PATTON PRESIDING JUDGE