The STATE ex rel. CARRO

v.

WEILER.

[Cite as *State ex rel. Carro v. Weiler* (2001), 143 Ohio App.3d 402.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78670.

Decided May 17, 2001.

*Carl C. Monastra,* for relator.

*David E. Mack,* Director of Law, for respondent Judge Jennifer Weiler.

JAMES D. SWEENEY, Judge.

In *Carro v. Carro,* case No. 78011, 2001 WL 637492, Sari Carro, relator is appealing the judgment of a judge of the division of domestic relations in *Carro v. Carro,* Cuyahoga County Court of Common Pleas, Division of Domestic Relations, case No. D–260831, that relator is not the common-law wife of Frank Carro. However, this original action, relator Sari contends that she is entitled to relief in prohibition to prevent respondent judge of the Garfield Heights Municipal Court from going forward in a forcible entry and detainer action, *Carro v. Toth,* Garfield Heights Municipal Court case No. 98CVG01069, brought against Sari by Frank. Relator argues that, in light of the fact that a domestic relations magistrate determined that she was Frank's common-law wife (but despite the fact that the domestic relations judge reached the opposite conclusion), she is entitled to relief in prohibition while awaiting the disposition of her appeal in case No. 78011. For the reasons stated below, we deny relief in prohibition and vacate the alternative writ issued on October 11, 2000.

R.C. 3103.04 provides:

"Neither husband nor wife has any interest in the property of the other, except as mentioned in section 3103.03 of the Revised Code, the right to dower, and the right to remain in the mansion house after the death of either. Neither can be excluded from the other's dwelling, except upon a decree or order of injunction made by a court of competent jurisdiction."

Relator asserts that the division of domestic relations is the "only court of competent jurisdiction." As a consequence, she contends that respondent judge lacks jurisdiction to proceed with case No. 98CVG01069.

*Demidovich v. Poccia* (Nov. 10, 1988), Trumbull App. No. 4036, unreported, 1988 WL 121291, arose from a judgment in a municipal court entered in a forcible entry and detainer action against a woman who asserted that she was the common-law wife of the plaintiff in the action. The court of appeals noted that the municipal court referee found that her divorce action had been dismissed upon her own motion. The court of appeals also rejected her argument that the domestic relations court had exclusive jurisdiction and that the municipal court lacked jurisdiction over the forcible entry and detainer action:

"R.C. 3103.04 provides that neither a husband nor wife can exclude the other from their dwelling, except upon a decree rendered by a court of competent jurisdiction. Prior courts have held that this provision prohibits an action in forcible entry and detainer against a spouse. See, *e.g., Slansky v. Slansky* (1973), 33 Ohio App.2d 127 [62 O.O.2d 235, 293 N.E.2d 302]. However, the record in this case shows that appellant failed to produce any evidence supporting her position that a common law marriage existed. Although appellant's defense may have been valid under *Slansky,* the trial court was not required to address this argument because no evidence was presented on it. Appellant's mere assertion in her answer that a common law marriage existed was not sufficient to establish the defense, especially when the complaint had raised an issue within the municipal court's jurisdiction." *Id.* at *2.

In case No. D–260831, the division of domestic relations has *adjudicated* that relator is not the spouse of Frank. This judgment is no less compelling than the absence of evidence and dismissal of the divorce proceedings in *Demidovich.* That is, relator's entire claim for relief in prohibition is based upon her assertion that she is a spouse who benefits from R.C. 3103.04, despite the fact that the judgment of the division of domestic relations is to the contrary.

We recognize, however, as did the *Demidovich* court, that this court's decision in *Slansky* is distinguishable because *Slansky* arises from a controversy between parties who were married. Yet relator insists that she is entitled to relief in prohibition because her appeal from the judgment in case No. D–260831 is pending as case No. 78011.

The criteria for prohibition are well established:

"In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268." *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 185, 718 N.E.2d 908, 909.

The Supreme Court affirmed this court's dismissal of Wright's complaint in *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (Apr. 29, 1999), Cuyahoga App. No. 76044, unreported, 1999 WL 258240, where this court stated:

"A two-part test must be employed by this court in order to determine whether a writ of prohibition should be issued. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179 [586 N.E.2d 105]; *Dayton Metro. Hous. Auth. v. Dayton Human Relations Council* (1992), 81 Ohio App.3d 436 [611 N.E.2d 384]. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98 [562 N.E.2d 1383]." *Id.* at *1.

Relator contends that respondent lacks jurisdiction because her appeal from the judgment in case No. D–260831 is pending as case No. 78011. In *Talbott v. Talbott* (Nov. 13, 1986), Franklin App. Nos. 86AP–248, 86AP–342 and 86AP–370, unreported, 1986 WL 13924, appellant wife appealed both the division of marital property in the decree of divorce and the judgment against her by a municipal court in a forcible entry and detainer action brought against her by her husband for restitution of the house. The court stated:

"With regard to the FED [forcible entry and detainer] action, defendant is incorrect when she asserts that the municipal court has no jurisdiction to proceed with such cause where the domestic relations court awarded a party the home. The municipal court would have jurisdiction to proceed with an eviction action, providing that the order of the domestic relations court was final.

"However, in the instant case, defendant appealed the decision of the domestic relations court by notice of appeal filed on March 19, 1986. The municipal court realized that it could not resolve the FED action pending resolution by this court of the issues raised by defendant in her appeal of the domestic relations court's decision and stayed execution of its judgment.

"The municipal court was not attempting to resolve issues beyond its jurisdiction, *i.e.*, a modification of the divorce decree. Defendant's reliance on *Richwood Homes, Inc. v. Brown* (1981), 3 Ohio App.3d 204 [3 OBR 232, 444 N.E.2d 463], is misplaced. When the disposition of the house is determined with legal finality, the municipal court is a proper court in which to bring an FED action." *Id.* at *1–2.

Relator contends that the *Talbott* opinion requires the conclusion that the respondent judge lacks jurisdiction to enter judgment in the forcible entry and detainer action. We disagree.

In *Talbott,* the municipal court stayed execution of its judgment against the appellant. Likewise, if respondent entered judgment against relator in case No. 98CVG01069, relator could seek a stay of execution of judgment in the municipal court and, if denied by the municipal court, in the court of appeals. See App.R. 7. Indeed, the *Talbott* court recognized that the municipal court has jurisdiction after the domestic relations court issued a final order. Relator has not, however, provided any controlling authority for the proposition that the mere fact that an appeal from the judgment of the division of domestic relations is pending effects an automatic stay of proceedings in the forcible entry and detainer action in municipal court. Rather, as demonstrated by *Talbott,* the municipal court has the authority to stay execution of judgment.

In light of *Talbott* as well as *Demidovich,* we cannot conclude that respondent is patently and unambiguously without jurisdiction to proceed in case No. 98CVG01069. Relator has not provided this court with any controlling authority comparable to the circumstances presented in this case. Cases such as *Slansky* involving spouses do not address the issue of a putative common-law marriage.

Additionally, relator has an adequate remedy by way of appeal. In *Novak v. McFaul* (Oct. 26, 1999), Cuyahoga App. No. 77132, unreported, 1999 WL 1000698, the relator sought a writ of prohibition "to prohibit the sheriff from acting upon an 'Official Eviction Notice.' " *Id.* at *1. This court denied relief in prohibition and noted that the relator "has or had adequate remedies at law through appeal and motions for stay. These preclude the issuance of a writ of prohibition. *State ex rel. Sunderman v. Barber* (1941), 139 Ohio St. 84 [22 O.O. 44], 38 N.E.2d 318." *Id.* at *2.

Accordingly, we deny relator's request for relief in prohibition. The alternative writ issued by entry dated October 11, 2000, is vacated. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*

ANN DYKE, P.J., and ANNE L. KILBANE, J., concur.