OPINION
{¶ 1} Larry Kovar ("appellant") appeals the February 11, 2002 decision of the Willoughby Municipal Court. In that decision, the trial court granted Monica Latosky's ("appellee") motion to stay the forcible entry and detainer action initiated against her by appellant. For the following reasons, we affirm the decision of the Willoughby Municipal Court in this matter.
 {¶ 2} Appellant filed a forcible entry and detainer action against appellee on January 10, 2002. Appellee then filed a complaint for divorce in the Lake County Common Pleas Court on January 24, 2002. On January 25, 2002, appellee filed her answer to appellant's forcible entry complaint, asserted a defense of common law marriage, and noted that a divorce action was pending in the Lake County Common Pleas Court. Appellee also filed her motion to stay on January 25, 2002, in which she provided specific information as to the origin of the alleged common law marriage with appellant.
 {¶ 3} A hearing on the motion to stay was held before the magistrate on February 7, 2002. At the conclusion of the hearing, the magistrate decided to stay the matter pending a determination of the parties' marital status and property rights by the Lake County Common Pleas Court, Domestic Relations Division. The municipal court adopted the magistrate's decision on February 11, 2002. This timely appeal followed, and appellant asserts one assignment of error for our review:
 {¶ 4} "[1.] The trial court erred to the prejudice of plaintiff-appellant by staying the eviction proceeding on the basis of a subsequently filed "common law marriage" divorce complaint."
 {¶ 5} Appellant contends that the municipal court in this case has original jurisdiction over the forcible entry and detainer action pursuant to R.C. 1901.18(A)(8). Appellant also contends that: "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession or real property ***. Thus, ***, the drafters of the Rules of Civil Procedure were careful to avoid encrusting the special remedy with a time consuming procedure tending to destroy its efficacy." Miele v. Ribovich (2000),90 Ohio St.3d 439, 441.
 {¶ 6} For most forcible entry and detainer cases, appellant is correct. However, cases involving the possible exclusion of a spouse from a marital residence fall within an exception to the norm.
 {¶ 7} Generally, a municipal court has original jurisdiction over forcible entry and detainer actions. R.C. 1901.18(H). In exercising that jurisdiction, the issue is the impact, if any, of a party's assertion of an existing marriage.
 {¶ 8} Although "municipal courts have jurisdiction to determine cases in forcible detainer, they are without jurisdiction to determine domestic relations cases and may not determine that one or the other may be excluded from the marital home pursuant to statute providing that neither spouse can be excluded from the other's dwelling, except on a decree or order of injunction by a court of competent jurisdiction."Slansky v. Slansky (1973), 33 Ohio App.2d 127, 139; R.C. 3103.04. A "Common Pleas Court, or its domestic relations division, has exclusive jurisdiction to exclude one spouse from the marital dwelling." Slansky, supra. Furthermore, "The court of common pleas, including division of courts of domestic relations, has full equity power and jurisdiction appropriate to the determination of all domestic relation matters." R.C.3105.11.
 {¶ 9} In Slansky, the parties were unquestionably married. Therefore, the marital status of the parties was not at issue. By contrast, the marital status of the parties, as an alleged common law marriage couple, is the central issue in this case.
 {¶ 10} This court addressed the common law marriage defense issue in Demidovich v. Poccia (Nov. 10, 1988), 11th Dist. No. 4036, 1988 Ohio App. LEXIS 4483. In that case, the defendant in a forcible entry and detainer action asserted that she was the common law wife of the plaintiff-property owner, and, therefore, the municipal court lacked subject matter jurisdiction. This court distinguished that alleged common law marriage case from the actual marriage situation in Slansky because the pending common law divorce action had been dismissed. Thus, we concluded that a municipal trial court is not required to address the marriage defense, and may proceed with the forcible entry action, unless evidence of a valid marriage is presented. Moreover, this court held that the defendant's "mere" assertion in her answer that a common law marriage existed was not sufficient to establish the defense. Id at 2.
 {¶ 11} The Eighth Appellate District reached a similar conclusion in State ex rel. Carro v. Weiler (2001), 143 Ohio App.3d 402 (fact that alleged common law wife was appealing the determination of the Court of Common Pleas, Division of Domestic Relations, that she was not a common law wife, did not deprive the municipal court of jurisdiction in a forcible entry and detainer action). At a minimum, a municipal court has jurisdiction to determine whether the assertion of an existing marriage, in this case a common law marriage, is a dilatory tactic to delay such expedited proceedings or is supported by some credible evidence that precludes further jurisdiction over the issue and warrants a stay or dismissal of those proceedings.
 {¶ 12} The municipal court in this case was faced with an alleged common law marriage. Consistent with Demidovich, the municipal court in this case had jurisdiction to take evidence on the issue of an existing common law or statutory marriage. In other words, appellee could have provided the trial court with a license, certificate, proof of disposition on the marital issue from a court of valid jurisdiction, or evidence of a valid common law marriage. If appellee were able to do so, then the case would evolve into an action to quiet title, which would require the municipal court to dismiss the action for lack of jurisdiction. Haas v.Gerski (1963), 175 Ohio St. 327; Wells v. Cunningham (1990),56 Ohio Misc.2d 9. However, if appellee could not prove that an existing marriage was present, the municipal court could then proceed with the instant forcible entry and detainer action. Demidovich, supra. In that case, the municipal court's determination that the parties were not involved in an existing marriage would only be applicable to the specific facts of the forcible entry and detainer action and would not serve as a bar to a subsequent action brought by either party. R.C. 1923.03. A subsequent divorce action could still be adjudicated in the domestic relations court. Haas, supra, at 330.
 {¶ 13} While the municipal court in this case had jurisdiction to proceed with the forcible entry and detainer action, the court also had the power to stay proceedings if the circumstances warranted such a stay.
 {¶ 14} A trial court's decision to stay proceedings shall not be overturned absent an abuse of discretion. Glenmoore Builders, Inc. v.Kennedy, 11th Dist. No. 2001-P-0007, 2001-Ohio-8777, 2001 Ohio App. LEXIS 5449. An abuse of discretion is more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Courts have the power to stay proceedings pending resolution of potentially dispositive developments. State v. Hochhausler
(1996), 76 Ohio St.3d 455, 464; State ex rel. Smith v. Friedman (1970),22 Ohio St.2d 25. This authority flows from the inherent power of the courts to control their dockets. Id. Among the factors that courts have held warrant a stay are "the efficiency and judicial economy that results from staying matters pending resolution of potentially dispositive developments." State ex rel. Zellner v. Bd. of Edn. of Cincinnati
(1973), 34 Ohio St.2d 199, 202. Additionally, the common pleas domestic relations court also has concurrent original jurisdiction in a forcible entry and detainer action. Seventh Urban, Inc. v. Univ. Circle PropertyDev., Inc. (1981), 67 Ohio St.2d 19.
 {¶ 16} Avoiding judicial duplication and potentially divergent judicial rulings are valid reasons for staying an action pending resolution of potentially dispositive developments. Those reasons are particularly relevant in this case where a decision to evict appellee could subsequently run afoul of R.C. 3103.04, should the domestic relations court confirm the existence of a common law marriage.
 {¶ 17} In the interests of judicial economy, the municipal court had the discretionary authority to grant a stay in the instant matter. If the parties in this case were adjudged to be involved in a common law marriage, then R.C. 3105.11 would bar the municipal court from excluding appellee from the marital home. We cannot say that the municipal court abused its discretion by staying this action. Under these circumstances, the exercise of the municipal court's discretionary stay authority was proper.
 {¶ 18} Based on the foregoing reasons, we hold that the municipal court's decision to stay the proceedings was not an abuse of discretion. Appellant's sole assignment of error is without merit. The decision of the Willoughby Municipal Court is affirmed.
DONALD R. FORD, P.J., concurs.