[Cite as *State ex rel. Moore v. Cuyahoga Cty. Court of Common Pleas*, 2016-Ohio-7227.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104404**

# STATE OF OHIO, EX REL. CARL L. MOORE, SR., ESTATE, ET AL.

RELATORS

vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion No. 497209
Order No. 500122

**RELEASE DATE:** October 4, 2016

**FOR RELATORS**

Carl L. Moore, Sr., pro se
Ronnie Moore, pro se
19230 Genesee Road
Euclid, Ohio 44117


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Nora Graham
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MELODY J. STEWART, P.J.:

{¶1} Relators Carl L. Moore, Sr. and Ronnie Moore commenced an action for a writ of prohibition and seek an injunction and temporary restraining order against respondents Cuyahoga County Court of Common Pleas Magistrate Kevin Augustyn and Judge Timothy McCormick in connection with *Bank of Am. N.A. v. Carl Moore,* Cuyahoga C.P. No. CV-14-826343. Ronnie Moore is not a party to that action. The pleading broadly alleged that respondents improperly ordered Carl Moore, Sr.'s removal from the premises without due process or a fair trial, that counsel was improperly allowed to withdraw from representation, and that the final order was deficient or void for failure to join parties of interest.

{¶2} Relators also filed a motion for stay to prevent an eviction from the real property that was at issue in *Bank of Am. N.A. v. Moore,* Cuyahoga C.P. No. CV-14-826343. However, relators did not join Bank of America as a party in this action. Respondent had issued a writ of possession directing the sheriff of Cuyahoga County to deliver possession of the real property to Bank of America, N.A. The Ohio Supreme Court has held that a party's failure to join an interested and necessary party in an original action constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.,* Slip Opinion No. 2016-Ohio-1519. The Ohio Supreme Court has also held that where the court lacks jurisdiction over the matter, it lacks jurisdiction to

issue a stay. *McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88, ¶ 13.

**{¶3}** Relators were ordered to show cause on or before May 31, 2016, why this action should not be dismissed for failure to join an interested and necessary party. *See* Civ.R. 19. Relators filed a document styled, "Peremptory Writ to Show Cause to Effectuate the Great Writ of Prohibition for Injunction and Temporary Restraining Order for Eviction by Bank of America N.A. and Listed Respondents." Nonetheless, relators failed to join any additional parties to the action. Accordingly, this action should be dismissed for failure to join a necessary and interested party on the authority of *State ex rel. N.G., supra*.

**{¶4}** Respondents filed a motion to dismiss on various grounds, including that the complaint failed to state a claim upon which relief could be granted, that this court lacks jurisdiction to order an injunction, that relators have not established the requirements for a writ of prohibition because respondents have jurisdiction over foreclosure actions and relators have adequate remedies at law, that relator Ronnie Moore has no standing, and the action is moot. We denied relators' petition to strike the motion to dismiss and granted relators leave to file an opposition. Instead, relators filed a document styled "findings of fact and conclusions of law."

**{¶5}** Having reviewed all of the pleadings and evidence, respondents' motion to dismiss is granted. In addition to the failure to join necessary and interested parties, the

action is moot. Relators sought to prevent the eviction from the property involved in the foreclosure action, which has already taken place.

{¶6} Moreover, relators are not entitled to a writ of prohibition. The requisites for a writ of prohibition are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or that the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).

{¶7} Relators have requested this court to order an injunction. "A court of appeals lacks original jurisdiction to grant prohibitory injunctions." *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 12, citing *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 248,  673 N.E.2d

1281 (1997). Accordingly, this court is without jurisdiction to issue the injunction sought by relators' complaint.

{¶8} Relator Ronnie Moore was not a party to the foreclosure action and his motion to intervene was denied. Therefore, he lacks standing to bring this action.

> "It is elementary that every action shall be prosecuted in the name of the real party in interest * * *." *State ex rel. Dallman v. Court of Common Pleas*, 35 Ohio St.2d 176, 178, 298 N.E.2d 515 (1973), citing Civ.R. 17(A) and *Cleveland Paint & Color Co. v. Bauer Mfg. Co.*, 155 Ohio St. 17, 97 N.E.2d 545 (1951), paragraph one of the syllabus. "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Id*. at syllabus.

*Wood v. McClelland*, 8th Dist. Cuyahoga No. 99939, 2013-Ohio-3922, ¶ 6.

{¶9} Although Ronnie Moore is claiming he was a necessary and interested party to the foreclosure action, he has not presented any evidence that would support that allegation. Even if he was arguably a necessary and interested party to the foreclosure action, the writ still cannot be issued. He had an adequate remedy at law to challenge the denial of his motion to intervene through an appeal. A writ cannot be issued where there is or was an adequate remedy in the ordinary course of the law. "[A]n appeal of an order denying intervention after a final judgment was an adequate remedy in the ordinary course of law that precluded a writ of mandamus." *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 2001-Ohio-1613, 757 N.E.2d 357.

{¶10} Relator Carl Moore, Sr. also had adequate remedies in the ordinary course of the law to challenge the final judgments entered in the foreclosure action that preclude the issuance of a writ. *Novak v. McFaul*, 8th Dist. Cuyahoga No. 77132, 1999 Ohio

App. LEXIS 5218, *4 (Oct. 26, 1999), citing *State ex rel. Sunderman v. Barber*, 139 Ohio St. 84, 38 N.E.2d 318 (1941) (finding relator has or had adequate remedies at law through appeal and motions for stay, which precluded the issuance of a writ of prohibition.)

**{¶11}** Respondents' motion to dismiss is granted and the writ is dismissed. Costs to relators. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B)._

**{¶12}** Writ dismissed.

_____

MELODY J. STEWART, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR